Robert L. ANDERSON, Petitioner,

v.

Alvis GILBERT, Respondent.

No. 95–0039.

Supreme Court of Texas.

May 11, 1995.

Rehearing Overruled June 8, 1995.

George C. Black, Carl A. Generes, Dallas, for petitioner.

Robert W. Buchholz, Dallas, for respondent.

PER CURIAM.

This is an appeal from a judgment awarding the balance owed under a promissory note after the foreclosure sale of an apartment complex. The trial court rendered judgment in the plaintiff's favor for the deficiency balance. The court of appeals affirmed. —— S.W.2d ——. We reverse the judgment, and remand to the court of appeals for it to review the defendant's points of error that it mistakenly failed to address.

The defendant, Robert L. Anderson, was the borrower under a promissory note secured by a deed of trust covering a Dallas apartment complex. The plaintiff, Alvis Gilbert, and Donald J. Gideon were joint payees of the note and joint beneficiaries of the deed of trust. Gideon died in 1985. In August 1987, Anderson defaulted on the note. Gilbert foreclosed on the property in October 1987, and after appointing a substitute trustee, purchased the property. Following Anderson's complaint about irregularities in the sale, a second foreclosure sale was held in October 1988. Gilbert again purchased the apartment complex. He then brought suit against Anderson in September 1992, claiming a right to the deficiency under the promissory note. Following a bench trial in November 1992, the trial court rendered judgment for Gilbert and against Anderson for $37,087.46 plus interest and attorneys fees. In March 1993, the trial court made findings of fact which included the following:

. . . .

5. All Conditions precedent to the acceleration of the note occurred.

6. The Substitute trustee was properly appointed as to the second sale.

7. Proper notice of the second sale was given.

8. That the note was accelerated and notices were given pursuant to the terms of the deed of trust to sell the property

. . . .

. . . .

10. The second sale was a valid and proper sale.

. . . .

13. That Alvis Gilbert is the holder and owner of the note and was so at the time of both foreclosure sales.

The trial court repeated the substance of these findings as conclusions of law and added, "Defendant [Anderson] is indebted to the Plaintiff [Gilbert] for the sum of $37,086.46." Anderson appealed.

In Anderson's brief to the court of appeals, the first seven points of error asserted that the trial court had "erred in granting judgment for" Gilbert for a number of reasons. The court of appeals held that Anderson's first seven points of error attacked the judgment rather than a specific finding of fact by the trial court, and thus did not present any justiciable question. —— S.W.2d at ——. We disagree.

A point of error "is sufficient if it directs the attention of the appellate court to the error about which complaint is made." Tex.R.App.P. 74(d). Courts are to construe rules on briefing liberally. Tex.R.App.P. 74(p); *Williams v. Khalaf*, 802 S.W.2d 651, 658 (Tex.1990) (citing *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex.1989), and *Holley v. Watts*, 629 S.W.2d 694, 696 (Tex. 1982)). An appellate court should consider the parties' arguments supporting each point of error and not merely the wording of the points. *Pool v. Ford Motor Co.*, 715 S.W.2d

629, 633 (Tex.1986) (citing *Holley,* 629 S.W.2d at 696).

Under his first four points of error, Anderson alleged the evidence did not support that Gilbert alone had the right to procure appointment of a substitute trustee, cause a foreclosure sale to be executed, and sue Anderson for the deficiency. Specifically, Anderson's appellant's brief attacked the legal and factual sufficiency of the evidence on whether Gideon or his widow had assigned his rights under the note and deed of trust to Gilbert. Anderson referred several times to there being "no evidence" to support Gilbert's claimed right to bring suit against him for deficiency under the note. He claimed the evidence as to whether Gideon's widow assigned the note to Gilbert was "fatally defective" because the contrary evidence was "overwhelming." We construe Anderson's first four points of error as challenges to fact findings 6, 10, and 13, and to the quoted conclusion of law.

Anderson's sixth, seventh, and eighth points of error and argument also attacked the trial court's fact findings. Anderson argued that the foreclosure sale was wrongful because of Gilbert's failure to satisfy the conditions precedent in the deed of trust. Anderson argued, for example, that he did not receive adequate notice of the foreclosure sale and that the substitute trustee lacked authority to perform a valid sale since the sale occurred less than twenty-one days after the trustee's appointment. We construe Anderson's complaints under these points of error as disputing fact findings 5, 6, 7, and 8.

We hold that the court of appeals erred in overruling Anderson's first seven points of error without considering their merits. In this circumstance, this Court has two options. Either we can examine the merits of the case to determine if any ground supports the court of appeal's judgment, or we can remand for the court of appeals to pass on points not considered. *First Baptist Church v. Bexar County Appraisal Review Bd.,* 833 S.W.2d 108, 111 (Tex.1992) (citing *Coulson & Cae, Inc. v. Lake L.B.J. Mun. Util. Dist.,* 734 S.W.2d 649, 652 (Tex.1987)), *cert. denied,* — U.S. —, 114 S.Ct. 1221, 127 L.Ed.2d 567 (1994). In this case, the court of appeals failed to examine the evidence in light of Anderson's legal and factual sufficiency challenges to the fact findings. Consequently, we think it best serves the goal of judicial economy to remand this case to the court of appeals for it to consider all unaddressed points. *See id.* Pursuant to Rule 170 of the Texas Rules of Appellate Procedure, a majority of this Court grants Anderson's application for writ of error and without hearing oral argument reverses the judgment and remands this cause to the court of appeals for consideration of the first seven points of error in Anderson's appellant's brief.