COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-049-CV

 

 

IN THE INTEREST OF D.A.N. AND D.G.N.,
JR., MINOR CHILDREN                

                                                                                                        

 

                                              ------------

 

           FROM
THE 324TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                           MEMORANDUM
OPINION[1] 

ON
REHEARING 

 

------------

I. Introduction

Appellant Dannie N.,
appearing pro se, has filed notices of appeal complaining of (1) the October
12, 2004 order of the district judge, (2) the December 16, 2004 recommendation
of the associate judge, and (3) the June 3, 2005 order of the district
judge.  We affirm.

 








II. Background

Dannie and Appellee
Acquanetta T. are divorced and have two children.  In an order dated January 9, 2004, the trial
court found Dannie $47,021.55 in arrears for past due child support.  The court also held him in contempt for
nonpayment of $56.18 on each of four dates ranging from 1998 to 2003.  The court ordered Dannie jailed for 180 days
for each of these four acts of contempt; but suspended Dannie=s commitments after he made a payment of $2,350 in child support
arrearage towards the $47,021.55 judgment, and instead placed him on community
supervision.  Dannie was further ordered to
pay $720 per month toward his arrearage.

A. Compliance Reviews: October 12 and
December 16, 2004 Orders

 

On September 17, 2004, at a
compliance review held before an associate judge, Acquanetta introduced
evidence showing that Dannie=s payments over the previous eight-month period, were untimely and
were as low as $7.49.  In an order signed
October 12, 2004, the referring court ordered an income withholding order to be
set up in the amount of $720 per month and awarded attorney=s fees in the amount of $1,500 to Acquanetta.








At the December 16, 2004
compliance review, the associate judge found that Dannie had failed to pay
$839.89 in child support payments since the September 17, 2004 hearing.  Dannie, however, argued that the balance was
incorrect because the amount included two weeks from September that he had paid
the last time he was in court.  The
associate judge gave Dannie until 4:00 p.m. of that day to pay the $839.89 or
the court would issue a capias.[2]  When Dannie returned at 4:00 p.m. with the
money, he again argued that the amount owed in child support had been
miscalculated.  The associate judge
agreed to recalculate the figures, meet the next day, and credit Dannie any
amount he had overpaid.  However, the
parties could not agree on a time to meet, so the associate judge ordered that
the alleged miscalculation would be discussed at a future meeting  That same day, the associate judge signed an
order granting Acquanetta additional attorney=s fees in the amount of $750.

On January 18, 2005, Dannie
filed a pro se notice of appeal stating that he was appealing Athe [a]ttorney=s fees in
the amount of $750@Cthe attorney=s fees
awarded in the December 16 order.  Dannie
also complained in his notice of appeal of fees imposed at the September 17
hearing, apparently attempting to appeal the resultant October 12 order
requiring Dannie to pay $1500 in attorney=s fees as well.








On March 17, 2005, the
associate judge held another compliance hearing and clarified that Dannie had
been delinquent $19.69 and not $839.89 at the December 16, 2004 compliance
review.  Dannie was given the choice of
crediting the $839.89, minus $19.69, towards child support or of using $750 to
pay attorney=s fees and
of applying the rest toward child support. 
Dannie chose to credit the entire amount toward child support.

B. Compliance Review: June 3,
2005 Order

On April 1, 2005, the
associate judge held another compliance review, and the referring court signed
an order containing findings from that hearing on June 3, 2005.  In this June 3 order, the court found that
Dannie was in compliance on payment of child support and arrears.  It also found that the $1500 in attorney=s fees awarded to Acquanetta in the October 12, 2004 order, as well as
the $750 in attorney=s fees from
the December 16 order, had become due and payable.  The court ordered that if Dannie did not pay
these previously assessed attorney=s fees by June 16, 2005, the court could revoke his community
supervision and incarcerate him.  From this
June 3, 2005 order, along with the October 12 and December 16 orders, Dannie
now appeals.  

C. Dannie=s Appeals








Dannie filed his first notice
of appeal on January 18, 2005, complaining of the first two orders dated
October 12, 2004, and December 16, 2004. 
On May 26, 2005, we issued an order and memorandum opinion dismissing
Dannie=s appeal of the October 12, 2004 order because it was untimely filed. In
re D.A.N., No. 2-05-049-CV, 2005 WL 1244619 at *1 (Tex. App.CFort Worth May 26, 2005, no pet.) (order and mem. op.).   Subsequently, on June 17, 2005, Dannie filed
another notice of appeal, this one appealing from the referring court=s June 3, 2005 order. 
Accordingly, the only two orders that remain before us in this appeal
are the December 16, 2004 order signed by the associate judge[3]
and the June 3, 2005 order signed by the referring court.  

In his first six issues,
Dannie complains of both the September 17, 2004 hearing, which resulted in the
October 12, 2004 order, as well as the December 16, 2004 order.  Because we have previously held that we do
not have jurisdiction over the
appeal of the October 12 order, we dismiss those portions of Dannie=s first six issues pertaining to the October 12 order.    

III. Child Support
Calculations and Contempt 








In his first three issues,
Dannie complains that the attorney general erred in its calculation of the
amount past due for child support payments and that the trial court erred in
issuing a judgment based on those calculations. 
To obtain reversal of a judgment based upon an error in the trial court,
the appellant must show that (1) the error occurred and (2) it probably caused
rendition of an improper judgment or probably prevented the appellant from
properly presenting the case to this court. 
TEX. R. APP. P. 44.1(a); Romero v. KPH
Consolidation, Inc., 166 S.W.3d 212, 225 (Tex. 2005). 

Dannie, having a total
outstanding arrearage balance of $43,066.30, had a history of untimely payments
and of paying in small increments.  At
the December 16, 2004 compliance review, the associate judge erroneously found
that Dannie was $839.89 delinquent, when in fact he was $19.69 delinquent.  On March 17, 2005, the associate judge
recognized his calculation error and gave Dannie the choice of crediting the
$839.89, minus $19.69, towards child support or of using $750 to pay attorney=s fees and applying the rest towards child support.  Dannie chose to credit the entire amount
toward child support.  Accordingly, even
though the trial court erred in initially finding Dannie $839.89 delinquent in
child support payments, Dannie has not shown how he suffered any harm due to
the trial court=s
miscalculation because the trial court corrected its error and Dannie=s overpayment was applied to his outstanding child support
obligations.  See Tex.
R. App. P. 44.1(a); Romero,166 S.W.3d at 225. 








In his second issue, Dannie
also complains that the trial court erred by holding him in contempt.  The only contempt order in the record was
signed on January 9, 2004.  A notice of
appeal must generally be filed within thirty days after the judgment is
signed.  Tex. R. App. P. 26.1. 
The October 12, 2004 order and the December 16, 2004 order both simply
referenced the January 9 contempt order and modified the conditions of Dannie=s community supervision. 
Neither of the two orders Dannie attempts to appeal from actually impose
a judgment of contempt.  

Accordingly, we overrule
Dannie=s issues one through three.

IV. Attorney=s Fees

In Dannie=s fourth issue, he argues that the trial court erred by awarding
attorney=s fees to Acquanetta because the calculations for delinquent child
support were erroneous.  The legislature
has authorized trial courts to award reasonable attorney=s fees and expenses in a suit affecting the parent-child relationship
(SAPCR); these attorney=s fees and
expenses may be ordered to be paid directly to the attorney.  See Tex.
Fam. Code Ann. ' 106.002
(Vernon Supp. 2006).  








We review the trial court=s award of attorney=s fees under an abuse of discretion standard.  See In re O.G.M., 988 S.W.2d 473, 478
(Tex. App.CHouston [1st
Dist.] 1999, pet. dism=d) (applying
abuse of discretion standard to trial court=s ruling on attorney=s fees in parentage action); Adams v. Stotts, 667 S.W.2d
798,  801 (Tex. App.CDallas 1983, no writ) (same); 
see also Bruni v. Bruni, 924 S.W.2d 366, 368 (Tex. 1996) (holding
that award of attorney=s fees under
section 106.002 in SAPCR lies within the trial court=s discretion).  To determine
whether a trial court abused its discretion, we must decide whether the trial
court acted without reference to any guiding rules or principles; in other
words, whether the act was arbitrary or unreasonable.  Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 241B42 (Tex.
1985), cert. denied, 476 U.S. 1159 (1986).  An abuse of discretion does not occur as long
as some evidence of substantive and probative character exists to support the
trial court=s
decision.  Butnaru v. Ford Motor Co.,
84 S.W.3d 198, 211 (Tex. 2002).  

Here Dannie had a large child
support arrearage balance with a history of late payments and of paying
inadequate amounts.  Moreover, Dannie had
previously waited until the eve of a court appearance to bring his payments
into compliance with previous orders. 
Finally, although the associate judge had previously miscalculated
Dannie=s past due balance, Dannie was still past due by $19.69.  Regardless, a past due balance was not a
prerequisite for the award of reasonable attorney=s fees.  See Tex. Fam. Code Ann. ' 106.002(a).  The statute merely
says that the court Amay render
judgment@ for attorney=s fees in a
SAPCR; the only statutory limitation placed on this discretion is that the
attorney=s fees assessed must be Areasonable.@  See id.   

Therefore, we hold that it
was within the trial court=s discretion to award Acquanetta reasonable attorney=s fees.  We overrule Dannie=s fourth issue.








V. Preservation of Error and
Waiver

Regarding Dannie=s fifth, sixth,
eighth, and ninth issues, Dannie does not demonstrate that he preserved these
complaints in the trial court.  In issues
five, six, and eight, Dannie makes various complaints related to Acquanetta=s attorney.  In issue nine, Dannie asserts there was
tampering with records related to this case. 


A complaint on appeal must be the same as that presented in
the trial court.  See Banda v.
Garcia, 955 S.W.2d 270, 272 (Tex. 1997). 
An appellate court cannot reverse based on a complaint not raised in the
trial court.  Pat Baker Co. v. Wilson,
971 S.W.2d 447, 450 (Tex. 1998); Banda, 955 S.W.2d at 272.  To preserve a complaint for our review, a
party must have presented to the trial court a timely request, objection, or
motion that states the specific grounds for the desired ruling, if they are not
apparent from the context of the request, objection, or motion.  Tex.
R. App. P. 33.1(a); see also Tex.
R. Evid. 103(a)(1).  If a party
fails to do this, error is not preserved, and the complaint is waived.  Bushell v. Dean, 803 S.W.2d 711, 712
(Tex. 1991) (op. on reh=g). 








A review of the record shows that Dannie did not raise
these four issues at either the September 17, 2004 or the December 16, 2004
hearings;  therefore, we cannot reverse
based on any of these issues.  See
Wilson, 971 S.W.2d at 450.  Because
Dannie did not raise these issues below, issues five, six, eight, and nine are
overruled. 

VI. Other Possible Errors

In his seventh issue, Dannie
broadly asserts that there was error affecting him in the orders from which he
appealed.  We are obligated to liberally
construe the points raised in Dannie=s brief.  Tex.
R. App. P. 38.9; Anderson v. Gilbert, 897 S.W.2d 783, 784 (Tex.
1995).  Having already disposed of Dannie=s eight other
issues, we now address his remaining complaints that did not fail within those
other issues.  

 Dannie argues that
the June 3, 2005 order contains a fictitious statement because Acquanetta did not appear in person as recited in the order.  However, Dannie fails to point us to any
evidence in the record of Acquanetta=s alleged failures to appear.  To
the contrary, the June 3 order clearly states that Acquanetta Aappeared in person and through attorney of
record.@

Dannie also argues that the June 3, 2005 order was not
served on him.  Here again, Dannie does
not point to any evidence in the record to support this contention and beyond
the initial mention of the complaint he does not further argue the point.  Therefore, we conclude Dannie has waived this
complaint on appeal by inadequate briefing. 
See Tex. R. App. P.
38.1(h).








Finally, Dannie complains that the children that were the
subject of the support order are now of the age of majority.  He claims D.A.N. to be twenty-one years old
and D.G.N. to be eighteen years old. 
Dannie points us to no authority that bears on what effect the children=s current ages
have on his child support arrearage and does not further argue the point.  Thus, we conclude Dannie has waived this
complaint on appeal by inadequate briefing. 
See id. 

VII. Conclusion

Having dismissed a portion of Dannie=s nine issues and
overruled the remainder, we affirm the judgment of the trial court.

 

 

PER CURIAM

 

PANEL F:    MCCOY, J.; CAYCE, C.J.; and LIVINGSTON, J.

 

DELIVERED:
December 14, 2006

 











[1]See Tex. R. App. P. 47.4.





[2]Capias
is a type of writ that requires an officer to take a named defendant into
custody.  Black=s
Law Dictionary 221 (8th ed. 1999).





[3]We
dismissed the appeal of the December 16 order for want of prosecution in a
memorandum opinion dated June 1, 2006, but subsequently granted Dannie=s
motion for rehearing, withdrew the opinion and judgment, and ordered the appeal
reinstated.  See In re D.A.N.,
2005 WL 1244619 at *1.