COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-049-CV

IN THE INTEREST OF D.A.N. AND D.G.N., JR., MINOR CHILDREN 

------------

FROM THE 324TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1) 

ON REHEARING 

------------

I. Introduction

Appellant Dannie N., appearing pro se, has filed notices of appeal complaining of (1) the October 12, 2004 order of the district judge, (2) the December 16, 2004 recommendation of the associate judge, and (3) the June 3, 2005 order of the district judge.  We affirm.

II. Background

Dannie and Appellee Acquanetta T. are divorced and have two children.  In an order dated January 9, 2004, the trial court found Dannie $47,021.55
 in arrears for past due child support.  The court also held him in contempt for nonpayment of $56.18 on each of four dates ranging from 1998 to 2003.  The court ordered Dannie jailed for 180 days for each of these four acts of contempt; but suspended Dannie’s commitments after he made a payment of $2,350 in child support arrearage towards the $47,021.55 judgment, and instead placed him on community supervision.  Dannie was further ordered to pay $720 per month toward his arrearage.

A. Compliance Reviews: October 12 and December 16, 2004 Orders

On September 17, 2004, at a compliance review held before an associate judge, Acquanetta introduced evidence showing that Dannie’s payments over the previous eight-month period, were untimely and were as low as $7.49.  
In an order signed October 12, 2004, the referring court ordered an income withholding order to be set up in the amount of $720 per month and awarded attorney’s fees in the amount of $1,500 to Acquanetta.

At the December 16, 2004 compliance review, the associate judge found that Dannie had failed to pay $839.89 in child support payments since the September 17, 2004 hearing
.  Dannie, however, argued that the balance was incorrect because the amount included two weeks from September that he had paid the last time he was in court.  The associate judge gave Dannie until 4:00 p.m. of that day to pay the $839.89 or the court would issue a capias.
(footnote: 2)  When Dannie returned at 4:00 p.m. with the money, he again argued that the amount owed in child support had been miscalculated.  The associate judge agreed to recalculate the figures, meet the next day, and credit Dannie any amount he had overpaid.  However, the parties could not agree on a time to meet, so the associate judge ordered that the alleged miscalculation would be discussed at a future meeting  That same day, the associate judge signed an order granting Acquanetta additional attorney’s fees in the amount of $750.

On January 18, 2005, Dannie filed a pro se notice of appeal stating that he was appealing “the [a]ttorney’s fees in the amount of $750”—the attorney’s fees awarded in the December 16 order.  Dannie also complained in his notice of appeal of fees imposed at the September 17 hearing, apparently attempting to appeal the resultant October 12 order requiring Dannie to pay $1500 in attorney’s fees as well.

On March 17, 2005, the associate judge held another compliance hearing and clarified that Dannie had been delinquent $19.69 and not $839.89 at the December 16, 2004 compliance review.  Dannie was given the choice of crediting the $839.89, minus $19.69, towards child support or of using $750 to pay attorney’s fees and of applying the rest toward child support.  Dannie chose to credit the entire amount toward child support.

B. Compliance Review: June 3, 2005 Order

On April 1, 2005, the associate judge held another compliance review, and the referring court signed an order containing findings from that hearing on June 3, 2005.  In this June 3 order, the court found that Dannie was in compliance on payment of child support and arrears.  It also found that the $1500 in attorney’s fees awarded to Acquanetta
 in the October 12, 2004 order, as well as the $750 in attorney’s fees from the December 16 order, had become due and payable.  The court ordered that if Dannie did not pay these previously assessed attorney’s fees by June 16, 2005, the court could revoke his community supervision and incarcerate him.  From this June 3, 2005 order, along with the October 12 and December 16 orders, Dannie now appeals.  

C. Dannie’s Appeals

Dannie filed his first notice of appeal on January 18, 2005, complaining of the first two orders dated October 12, 2004, and December 16, 2004.  On May 26, 2005, we issued an order and memorandum opinion dismissing Dannie’s appeal of the October 12, 2004 order because it was untimely filed. 
In re D.A.N.
, No. 2-05-049-CV, 2005 WL 1244619 at *1
 (Tex. App.—Fort Worth May 26, 2005, no pet.) (order and mem. op.). 
  Subsequently, on June 17, 2005, Dannie filed another notice of appeal, this one appealing from the referring court’s June 3, 2005 order.  Accordingly, the only two orders that remain before us in this appeal are the December 16, 2004 order signed by the associate judge
(footnote: 3) and the June 3, 2005 order signed by the referring court.  

In his first six issues, Dannie complains of both the September 17, 2004 hearing, which resulted in the October 12, 2004 order, as well as the December 16, 2004 order.  Because we have previously held that we do not have
 
jurisdiction over the appeal of the October 12 order, we dismiss those portions of Dannie’s first six issues pertaining to the October 12 order. 
 
  

III. Child Support Calculations
 
and Contempt 

In his first three issues, Dannie complains that the attorney general erred in its calculation of the amount past due for child support payments and that the trial court erred in issuing a judgment based on those calculations.  
To obtain reversal of a judgment based upon an error in the trial court, the appellant must show that (1) the error occurred and (2) it probably caused rendition of an improper judgment or probably prevented the appellant from properly presenting the case to this court.  T
EX
. R. A
PP
. P. 44.1(a); 
Romero v. KPH Consolidation
,
 Inc.
, 166 S.W.3d 212, 225 (Tex. 2005)
.
 

Dannie, having a total outstanding arrearage balance of $43,066.30, had a history of untimely payments and of paying in small increments.  
At the December 16, 2004 compliance review, the associate judge erroneously found that Dannie was $839.89
 delinquent, when in fact he was $19.69 delinquent.  On March 17, 2005, the associate judge recognized his calculation error and gave Dannie the choice of crediting the $839.89, minus $19.69, towards child support or of using $750 to pay attorney’s fees and applying the rest towards child support.  Dannie chose to credit the entire amount toward child support.  
Accordingly, even though the trial court erred in initially finding Dannie $839.89 delinquent in child support payments, Dannie has not shown how he suffered any harm due to the trial court’s miscalculation because the trial court corrected its error and Dannie’s overpayment was applied to his outstanding child support obligations.  
See
 
Tex. R. App. P.
 44.1(a); 
Romero
,166 S.W.3d at 225. 

In his second issue, Dannie also complains that the trial court erred by holding him in contempt.  The only contempt order in the record was signed on January 9, 2004.  A notice of appeal must generally be filed within thirty days after the judgment is signed.  
Tex. R. App. P.
 26.1.  The October 12, 2004 order and the December 16, 2004 order both simply referenced the January 9 contempt order and modified the conditions of Dannie’s community supervision.  Neither of the two orders Dannie attempts to appeal from actually impose a judgment of contempt. 
 

Accordingly, we overrule Dannie’s issues one through three.

IV. Attorney’s Fees

In Dannie’s fourth issue, he argues that the trial court erred by awarding attorney’s fees to Acquanetta because the calculations for delinquent child support were erroneous.  
The legislature has authorized trial courts to award reasonable attorney’s fees and expenses in a suit affecting the parent-child relationship (SAPCR); these attorney’s fees and expenses may be ordered to be paid directly to the attorney.  
See
 
Tex. Fam. Code Ann
. § 106.002 (Vernon Supp. 2006).  

We review the trial court’s award of attorney’s fees under an abuse of discretion standard.  
See In re O.G.M.
, 988 S.W.2d 473, 478 (Tex. App.—Houston [1st Dist.] 1999, pet. dism’d) (applying abuse of discretion standard to trial court’s ruling on attorney’s fees in parentage action); 
Adams v. Stotts
, 667 S.W.2d 798,  801 (Tex. App.—Dallas 1983, no writ) (same);
  see also Bruni v. Bruni
, 924 S.W.2d 366, 368 (Tex. 1996) (holding that award of attorney’s fees under section 106.002 in SAPCR lies within the trial court’s discretion).  To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable.  
Downer v. Aquamarine Operators, Inc.
, 701 S.W.2d 238, 241–42 (Tex. 1985), 
cert. denied
, 476 U.S. 1159 (1986).  An abuse of discretion does not occur as long as some evidence of substantive and probative character exists to support the trial court’s decision.  
Butnaru v. Ford Motor Co.
, 84 S.W.3d 198, 211 (Tex. 2002).  

Here Dannie had a large child support arrearage balance with a history of late payments and of paying inadequate amounts.  Moreover, Dannie had previously waited until the eve of a court appearance to bring his payments into compliance with previous orders.  Finally, although the associate judge had previously miscalculated Dannie’s past due balance, Dannie was still past due by $19.69.  Regardless, a past due balance was not a prerequisite for the award of reasonable attorney’s fees.  
See
 
Tex. Fam. Code Ann
. § 106.002(a).
  The statute merely says that the court “may render judgment” for attorney’s fees in a SAPCR; the only statutory limitation placed on this discretion is that the attorney’s fees assessed must be “reasonable.”  
See id.
 
 
 

Therefore, we hold that it was within the trial court’s discretion to award Acquanetta reasonable attorney’s fees.  W
e overrule Dannie’s fourth issue.

V. Preservation of Error and Waiver

Regarding Dannie’s fifth, sixth, eighth, and ninth issues, Dannie does not demonstrate that he preserved these complaints in the trial court.  In issues five, six, and eight, Dannie makes various complaints related to 
Acquanetta
’s attorney.  In issue nine, Dannie asserts there was tampering with records related to this case.  

A complaint on appeal must be the same as that presented in the trial court.
  
See
 
Banda v. Garcia,
 955 S.W.2d 270, 272 (Tex. 1997)
.  
An appellate court cannot reverse based on a complaint not raised in the trial court.  
Pat Baker Co. v. Wilson,
 971 S.W.2d 447, 450 (Tex. 1998)
; 
Banda,
 955 S.W.2d at 272.
  
To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a); 
see also
 
Tex. R. Evid.
 103(a)(1).  If a party fails to do this, error is not preserved, and the complaint is waived.  
Bushell v. Dean
, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh’g). 

A review of the record shows that Dannie did not raise these four issues at either the September 17, 2004 or the December 16, 2004 hearings;  therefore, we cannot reverse based on any of these issues.  
See Wilson
, 971 S.W.2d at 450.  Because Dannie did not raise these issues below, issues five, six, eight, and nine are overruled. 

VI. Other Possible Errors

In his seventh issue, Dannie broadly asserts that there was error affecting
 him in the orders from which he appealed.  We are obligated to liberally construe the points raised in Dannie’s brief.  
Tex. R. App. P.
 38.9;
 Anderson v. Gilbert
, 897 S.W.2d 783, 784 (Tex. 1995).  Having already disposed of Dannie’s eight other issues, we now address his remaining complaints that did not fail within those other issues.  

 Dannie argues that the June 3, 2005 order contains a fictitious statement because 
Acquanetta 
did not appear in person as recited in the order.  However, Dannie fails to point us to any evidence in the record of 
Acquanetta’s alleged failure
s to appear.  
To the contrary, the June 3 order clearly states that 
Acquanetta 
“appeared in person and through attorney of record.”

Dannie also argues that the June 3, 2005 order 
was not served on him.  Here again, Dannie
 does not point to any evidence in the record to support this contention and beyond the initial mention of the complaint he does not further argue the point.  Therefore, we conclude Dannie has waived this complaint on appeal by inadequate briefing.  
See 
Tex. R. App. P.
 38.1(h).

Finally, Dannie complains that the children that were the subject of the support order are now of the age of majority.  He claims D.A.N. to be twenty-one years old and D.G.N. to be eighteen years old.  Dannie points us to no authority that bears on what effect the children’s current ages have on his child support arrearage and does not further argue the point.  Thus, we conclude Dannie has waived this complaint on appeal by inadequate briefing.  
See id.
 

VII. Conclusion

Having dismissed a portion of Dannie’s nine issues and overruled the remainder, we affirm the judgment of the trial court.

PER CURIAM

PANEL F: MCCOY, J.; CAYCE, C.J.; and LIVINGSTON, J.

DELIVERED: December 14, 2006

FOOTNOTES
1:
See 
T
ex. R. App. P. 47.4.

2:
Capias is a type of writ that requires an officer to take a named defendant into custody.  
Black’s Law Dictionary
 221 (8th
 ed. 1999).

3:
We dismissed the appeal of the December 16 order for want of prosecution in a memorandum opinion dated June 1, 2006, but subsequently granted Dannie’s motion for rehearing, withdrew the opinion and judgment, and ordered the appeal reinstated.  
See In re D.A.N.
, 2005 WL 1244619 at *1.