# IN THE SUPREME COURT OF TEXAS

═════════════

No. 18-0513

═════════════

ST. JOHN MISSIONARY BAPTIST CHURCH, SYMPHUEL ANDERSON, BEVERLY
DAVIS, AND PATRICIA MAYS, PETITIONERS,

v.

MERLE FLAKES, ELOISE SQUARE, MARY JO EVANS, ANNE KATHERINE WHITE,
AND ELLA MAE ROLLINS, RESPONDENTS

═══════════════════════════════════════════

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FIFTH DISTRICT OF TEXAS

═══════════════════════════════════════════

**PER CURIAM**

The issue before us is whether courts of appeals have the authority to order supplemental briefing when (1) the trial court grants a motion to dismiss without specifying the ground for its decision and (2) the appealing party fails to brief all possible grounds for the trial court's decision. The court of appeals held that it did not have authority to order supplemental briefing but was instead required to affirm because of the appellant's omission. 547 S.W.3d 311, 313 (Tex. App.—Dallas 2018) (citing our decision in *Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119 (Tex. 1970)). A dissent argued that the rules of appellate procedure authorized the court to seek additional briefing under the circumstances presented, notwithstanding this Court's decision in *Malooly*. *Id.* at 318 (Schenck, J., dissenting). We need not reach the issue, however, because we conclude that the court of appeals in this case had the authority to order supplemental briefing for a different

reason. We therefore reverse the judgment of the court of appeals and remand the case for further proceedings.

This is a dispute over church assets. In 2014, St. John Missionary Baptist Church held a specially called church conference. A majority of those present voted to terminate pastor Bertrain Bailey's contract. Both Bailey and the chairman of St. John's trustee board, Merle Flakes, were notified of the vote. Flakes continued to pay Bailey, however, and Bailey refused to step down. Other St. John members who were loyal to Bailey entered into a loan on St. John's behalf and began selling off St. John's assets. The St. John members who attempted to terminate Bailey (collectively, St. John) sued Flakes and other St. John members who supported Bailey (collectively, Flakes), seeking injunctive relief to prevent Flakes from selling St. John's properties.

In the trial court, Flakes filed a motion to dismiss and a plea to the jurisdiction based on two arguments: standing and the ecclesiastical-abstention doctrine. The trial court granted Flakes's motion but did not specify whether its decision rested on the standing issue, the ecclesiastical-abstention issue, or both. St. John appealed, but its appellate brief only expressly addressed the standing issue.

The court of appeals, sitting en banc, affirmed in a divided decision. 547 S.W.3d 311. The court held that it was bound to affirm the trial court's judgment because St. John failed to challenge all possible bases for the decision. *Id.* at 318. The court reasoned that the Texas Rules of Appellate Procedure allowed "some discretion in remedying substantive defects in parties' briefs." *Id.* at 313. However, the court held that the Rules did not allow the court to "sua sponte identify an issue not raised by a party and request additional briefing or reformulate an appellant's argument into one not

2

originally asserted." *Id.* Thus, because St. John had not addressed the ecclesiastical-abstention issue in its briefing, the court of appeals concluded that it was bound to affirm the trial court on that ground. *Id.* at 318.

In this Court, St. John argues that the court of appeals erred in holding that it lacked the authority to order supplemental briefing on the ecclesiastical-abstention issue. St. John contends that Texas Rule of Appellate Procedure 38.9 authorizes courts of appeals to order additional briefing when an appellant fails to brief all possible grounds for the trial court's decision. Flakes responds that although Rule 38.9 gives courts of appeals discretion to order additional briefing, the court properly exercised that discretion here by declining to order supplemental briefing on a new issue concerning an independent, unchallenged ground for judgment. We do not reach that question, however, because St. John effectively raised the ecclesiastical-abstention issue in its briefing to the court of appeals. We thus conclude that the court of appeals had the authority to order additional briefing under Rule 38.9.

"We construe the Rules of Appellate Procedure liberally, so that decisions turn on substance rather than procedural technicality." *Garza v. Garcia*, 137 S.W.3d 36, 38 (Tex. 2004). Indeed, the formal title of Rule 38.9 is "Briefing Rules to Be Construed Liberally." In substance, Rule 38.9 provides:

> Because briefs are meant to acquaint the court with the issues in a case and to present argument that will enable the court to decide the case, substantial compliance with this rule is sufficient, subject to the following.
>
> * * *
>
> (b) *Substantive Defects*. If the court determines, either before or after submission, that the case has not been properly presented in the briefs, or that the law and

3

authorities have not been properly cited in the briefs, the court may postpone submission, require additional briefing, and make any other order necessary for a satisfactory submission of the case.

TEX. R. APP. P. 38.9.

Further, we "generally hesitate to turn away claims based on waiver or failure to preserve the issue." *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 221 (Tex. 2017). To that end, Rule 38.1 provides that an issue statement "will be treated as covering every subsidiary question that is fairly included." TEX. R. APP. P. 38.1(f); *see also First United*, 514 S.W.3d at 221. This is because "appellate courts should reach the merits of an appeal whenever reasonably possible." *Weeks Marine, Inc. v. Garza*, 371 S.W.3d 157, 162 (Tex. 2012) (quoting *Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008)); *see also Ryland Enter., Inc. v. Weatherspoon*, 355 S.W.3d 664, 665 (Tex. 2011). We have often held that a party sufficiently preserves an issue for review by arguing the issue's substance, even if the party does not call the issue by name. *See, e.g.*, *First United*, 514 S.W.3d at 222 (holding that a church preserved its claim for equitable remedies, even though the church only expressly briefed actual-damages issues); *Anderson v. Gilbert*, 897 S.W.2d 783, 784 (Tex. 1995) ("An appellate court should consider the parties' arguments supporting each point of error and not merely the wording of the points."); *Walling v. Metcalfe*, 863 S.W.2d 56, 57 (Tex. 1993) (holding that the plaintiff's cause of action for money damages was sufficiently related to the plaintiff's later request for injunctive relief).

Nevertheless, in this case the court of appeals concluded that our decision in *Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119 (Tex. 1970), prevented it from requesting additional briefing on the issue of whether the ecclesiastical-abstention doctrine deprived the trial court of jurisdiction. In

4

*Malooly*, the defendants argued that they were entitled to summary judgment because (1) the applicable statute of limitations barred the plaintiff's claims and (2) the plaintiff had executed a release of the claims. *Id.* at 121. The trial court granted the defendants' motion but did not specify its reason for doing so. *Id.* On appeal, the plaintiff challenged the validity of the release in question but did not address the defendants' statute-of-limitations argument. *Id.* This Court affirmed. *Id.* at 120. We reasoned that the trial court's judgment "must stand, since it may have been based on a ground not specifically challenged by the plaintiff and since there was no general assignment that the trial court erred in granting summary judgment." *Id.* at 121.

However, *Malooly* does not control the outcome here. In *Malooly*, the unaddressed ground (the statute-of-limitations issue) provided a standalone basis on which the trial court could have dismissed the plaintiff's case. Here, however, the ecclesiastical-abstention doctrine was not an independent basis for affirming the trial court's judgment apart from the standing issue. Rather, based on the record before us, it appears that the standing and ecclesiastical-abstention issues are "so inextricably entwined that one cannot be mentioned without automatically directing attention to the other." *Consol. Eng'g Co. v. S. Steel Co.*, 699 S.W.2d 188, 192 (Tex. 1985).

In the trial court, Flakes's motion presented standing and ecclesiastical abstention as independent grounds for dismissal. On standing, Flakes argued that the individual St. John plaintiffs could not bring suit on behalf of the church because the plaintiffs were no longer church members. On the ecclesiastical-abstention doctrine, Flakes also argued more generally that the case would require the court to impermissibly wade into questions of church governance. However, the substance of Flakes's arguments on the two issues significantly overlapped.

5

During a hearing on Flakes's motion, the overlap between the standing and ecclesiastical-abstention issues became even more apparent. First, the parties disputed whether the church's bylaws governed church membership and whether those bylaws were ecclesiastical or secular in nature. Flakes expressly argued that questions surrounding the plaintiffs' memberships, and therefore the plaintiffs' standing, were ecclesiastical: "When you talk about who is a member, not a member, what's secular about that? That's religious. There [are] no neutral principles [on which] this Court can [] decide."

Second, Bailey purported to remove the individual plaintiffs' church memberships months after the congregation allegedly removed Bailey as St. John's pastor.[*] At the hearing, Flakes repeatedly argued that the court lacked jurisdiction to decide whether Bailey was St. John's legitimate pastor and leader: "When Plaintiff argued that these issues are secular in nature, what's secular about who becomes the pastor, and that the Board of Trustees breached their fiduciary duty because it didn't hold a vote of who could be a pastor now [?] That's not secular, that's religious." Again, Flakes argued that the court could not entertain questions about the plaintiffs' memberships because they rested on Bailey's status as pastor: "Church discipline, is that not what this case is about? I'm no longer a member, so-called the pastor sent me a letter. That's church discipline."

On this record, then, the standing issue "fairly included" the ecclesiastical-abstention issue, and St. John's purported omission did not require affirmance under *Malooly*. TEX. R. APP. P. 38.1(f). St. John's briefing in the court of appeals illustrates this point: while St. John never

---

[*] It is unclear whether the parties believe that the plaintiffs' memberships were terminated by Bailey (in which case some of the plaintiffs' memberships were terminated in November 2014) or by the bylaws (in which case the memberships were terminated in April 2015, when the plaintiffs filed suit). Regardless, the trial court had to consider ecclesiastical-abstention issues before deciding whether the individual plaintiffs had standing.

expressly used the terms "ecclesiastical" or "abstention", St. John acknowledged that courts do not typically review church actions but argued that judicial oversight of church proceedings was necessary in this case. *See First United*, 514 S.W.3d at 222 ("Parker is correct that the church failed to use the words *equitable*, *forfeiture*, or *disgorgement* in its briefing to the court of appeals. Yet, our review of the briefs leads us to conclude that the equitable remedies were subsidiary questions fairly included in the briefing there."). St. John's briefing was "sufficient to put the court of appeals on notice" of the ecclesiastical-abstention issues in the case and "invite[d] the court of appeals to correct any error of law" as to that issue. *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 481 (Tex. 2019).

Thus, to the extent the court of appeals held that St. John failed to assign error by omitting the ecclesiastical-abstention issue, that holding was in error, and the court of appeals had authority to request additional briefing under Rule 38.9.

Finally, we note that courts of appeals retain their authority to deem an unbriefed point waived in lieu of requesting additional briefing. *See Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994) (stating that the decision to permit amendment or deem a point waived "depends on the facts of the case"); *see also Standard Fruit & Vegetable Co. v. Johnson*, 985 S.W.2d 62, 65 (Tex. 1998) ("Generally, a party must seek leave of court to file an amended or supplemental brief, and the appellate court has some discretion in deciding whether to allow the filing."). The issue here, however, is not whether the court of appeals was required to request additional briefing, but rather whether the court had the authority to do so. We hold that the court of appeals had authority under Rule 38.9 to request additional briefing in this case because the

7

"unbriefed issue" was "fairly included" in or "inextricably entwined" with a briefed issue. TEX. R. APP. P. 38.1(f); *Consol. Eng'g Co.*, 699 S.W.2d at 192.

Without hearing oral argument, under Texas Rule of Appellate Procedure 59.1, we reverse the judgment of the court of appeals and remand the case to that court for further proceedings consistent with this opinion.

**OPINION DELIVERED:** February 7, 2020