**Affirmed in part; Reverse and Remand in part and Opinion Filed September 17, 2024**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-20-00575-CV**

**JANELLE NICOLE LANDRY V. THEODORE STANLEY LANDRY**

**On Appeal from the 429th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 429-56250-2017**

## MEMORANDUM OPINION ON REMAND

Before Justices Molberg, Garcia, and Breedlove[1]
Opinion by Justice Breedlove

In this divorce proceeding, we previously rendered judgment affirming the trial court's judgment in part, reversing it in part, and remanding the case to the trial court. Subsequently, The Supreme Court of Texas affirmed our judgment in part, reversed it in part, and remanded the case to us for further proceedings. *Landry v. Landry*, 687 S.W.3d 512 (Tex. 2024) (per curiam). The court instructed us "to address any challenge to the characterization of the two investment accounts with

---

[1] Justice Lana Myers was a member of the panel at the time the case was submitted. Justice Myers has now retired. Justice Maricela Breedlove has succeeded Justice Myers as a member of the panel and has reviewed the briefs and record.

the relevant statements under consideration." *Id.* at 514. Again, we affirm the trial court's judgment in part, reverse in part, and remand the case to the trial court for further proceedings.

## BACKGROUND

At issue on remand is the characterization of two Charles Schwab investment accounts identified in the record as "x2339" and "x1992" (Accounts). The trial court determined that the Accounts are Husband's separate property. We reversed this ruling, concluding that Husband presented legally insufficient evidence of the Accounts' separate character due to his reliance on expert Bryan Rice, who arrived at his conclusion regarding the separate character nature of the Accounts without actually reviewing the account statements for the four-month period from July 2018 to October 2018. *Interest of B.N.L.*, No. 05-20-00575-CV, 2022 WL 1164658, at *6–7 (Tex. App.—Dallas Apr. 20, 2022, pet. granted) (mem. op.), *rev'd in part*, 687 S.W.3d at 514. Rice testified that for the missing months, he presumed the parties followed their established "pattern" of removing income earned by the Accounts without withdrawing any of the separate property funds. *Id.* at *6–7. We concluded that because Husband presented "no evidence of what happened with the [A]ccounts" during this period, he failed to meet his burden to prove with clear and convincing evidence that the Accounts were his separate property. *Id.* at *7. Because our conclusion affected the trial court's just and right division of the parties' marital

estate, we reversed and remanded the case to the trial court "for new division of the community estate consistent with this opinion." *Id.* at *10.

On rehearing in this Court and on appeal to the supreme court, Husband argued that the missing statements were, in fact, in the record. The presence of the missing statements, the supreme court concluded, "undermin[ed] the premise on which the [court of appeals'] legal sufficiency analysis was based." *Landry*, 687 S.W.3d at 514. Accordingly, the court instructed us "to address any challenge to the characterization of the two investment accounts with the relevant statements under consideration." *Id.*

Rice's testimony at trial was clear that the statements were missing and that he did not review them.[2] Instead, he testified to his presumption that the parties did not withdraw any of the separate property funds from the Accounts during those months.[3] On cross-examination, Wife's counsel elicited further testimony that the statements were missing and that Rice made assumptions about their contents in forming his opinions. On redirect, Husband's counsel did not correct the

---

[2] The record shows that in his Second Supplemental Designation of Expert Witnesses, Husband represented that Rice relied "upon all account statements and other financial documents that have been produced to opposing counsel informally and in response to formal discovery requests." Rice then testified at trial that he was not given for his review any Schwab account statement for the time period from July 2018 through October 2018.

[3] At trial, Rice testified, "[i]n my opinion—in this case, no, I did not find that those—those statements missing caused me any concern because we had established a pattern over 15 years of money going out of this account as fast as it went in."

misconception that the statements were missing. Nor did Husband's counsel provide the statements for Rice's review so that Rice could testify about them on redirect.

In our original opinion, we concluded that because Husband's expert, Rice, did not review or rely on the account statements for the time period between July and October 2018, there was no evidence of what happened with the Accounts during the period in question, and therefore, Husband "failed to adequately trace the separate-property character of the accounts." *B.N.L.*, 2022 WL 1164658, at *7. We explained that "[b]ecause of the missing statements, the trial court, as the trier of fact, could not have reasonably formed a firm belief or conviction that the [A]ccounts contained only separate-property funds as Rice testified and as the trial court found." *Id.* In sum, our disposition did not turn on the presence or absence of the statements themselves in the record. Instead, we concluded that the trial court could not have considered the statements in determining that the Accounts were Husband's separate property, given Rice's testimony that he did not review the statements in reaching his opinions.

As we have explained, the supreme court reversed and remanded the case to this Court for further proceedings "to address any challenge to the characterization of the two investment accounts with the relevant statements under consideration." *Landry*, 687 S.W.3d at 514. The parties have now complied with our request for supplemental briefing on this issue.

## DISCUSSION

–4–

In her supplemental brief, Wife argues that the trial court abused its discretion by finding that the Accounts were Husband's separate property because "the relevant account statements do not make clear on their face that the funds in the account are indeed separate property," and Husband's tracing expert did not review "every relevant account statement." Husband responds that (1) Wife failed to preserve this complaint for appeal, and (2) because the "missing" account statements were in the record, there was sufficient evidence to support the trial court's finding that the Accounts were separate property. Wife replies that she adequately preserved for appeal her complaint about sufficiency of the evidence, and that Husband failed to meet his burden to trace the Accounts to establish their separate character.

We first conclude that Wife raised on appeal her complaint about characterization of the accounts. In her second and third issues, she challenged the trial court's characterization of "certain assets and liabilities related to Husband's separate property accounts" and contended the trial court made a disproportionate award of community property in Husband's favor. She specifically complained that the trial court "award[ed] the entirety of two mixed character Charles Schwab accounts (#2339 and #1992) to Husband." She also complained that the trial court's exclusion of her expert witness "led to the trial court's rendition of an improper judgment related to the characterization of the following marital assets" including the two Accounts and margin loans on the two Accounts. She further argued that "no trier of fact could find the evidence [Husband] presented either clear or convincing,"

specifically complaining of Rice's testimony that statements from July through October were missing "but not in my opinion, not enough to be of concern." We considered each of these arguments, rejecting all but her complaint about characterization of the Accounts. *See B.N.L.*, 2022 WL 1164658, at \*10.

The supreme court has "firmly mandated that courts broadly construe issues to encompass the core questions and to reach all issues subsidiary to and fairly included within them." *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 480 (Tex. 2019). The court has explained:

> [W]e "generally hesitate to turn away claims based on waiver or failure to preserve the issue." *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 221 (Tex. 2017). To that end, Rule 38.1 provides that an issue statement "will be treated as covering every subsidiary question that is fairly included." TEX. R. APP. P. 38.1(f); *see also First United*, 514 S.W.3d at 221. This is because "appellate courts should reach the merits of an appeal whenever reasonably possible." *Weeks Marine, Inc. v. Garza*, 371 S.W.3d 157, 162 (Tex. 2012) (quoting *Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008)); *see also Ryland Enter., Inc. v. Weatherspoon*, 355 S.W.3d 664, 665 (Tex. 2011). We have often held that a party sufficiently preserves an issue for review by arguing the issue's substance, even if the party does not call the issue by name. *See, e.g.*, *First United*, 514 S.W.3d at 222 (holding that a church preserved its claim for equitable remedies, even though the church only expressly briefed actual-damages issues); *Anderson v. Gilbert*, 897 S.W.2d 783, 784 (Tex. 1995) ("An appellate court should consider the parties' arguments supporting each point of error and not merely the wording of the points."); *Walling v. Metcalfe*, 863 S.W.2d 56, 57 (Tex. 1993) (holding that the plaintiff's cause of action for money damages was sufficiently related to the plaintiff's later request for injunctive relief).

*St. John Missionary Baptist Church v. Flakes*, 595 S.W.3d 211, 213–14 (Tex. 2020) (per curiam). We conclude that Wife's complaint about the characterization of the

Accounts as Husband's separate property was "fairly included" in the issues and argument in her brief. *See id.*

In her supplemental brief, Wife argues that "Husband's tracing expert did not review four consecutive months of statements for two of the accounts Husband claimed as separate property and, although these statements were admitted as evidence at trial, they were insufficient, without further explanation or testimony, to establish that the expert's conclusions were valid." Husband, in turn, relies on Rice's testimony that his characterization of the Accounts was not affected by the four months of statements he did not review. Husband also responds that because the statements were admitted into evidence at trial and are in the record,[4] (1) he met his burden to establish that the Accounts were his separate property, and (2) Wife could have questioned Rice about the missing statements at trial, but failed to do so. Husband invites us to review the statements, arguing that the activity shown in them supports Rice's opinions.

As discussed in our previous opinion, however, it was Husband's burden to establish by clear and convincing evidence that the accounts are his separate property. *B.N.L.*, 2022 WL 1164658, at *4 (citing TEX. FAM. CODE ANN. § 3.003(b)). "Clear and convincing evidence is defined as that 'measure or degree of proof which

---

[4] We note here that the missing statements are found in volume 33, pages 915–70, and volume 52, pages 1089–1128, of a reporter's record exceeding sixty-five volumes and 11,000 pages. Records pertaining to the two accounts at issue are in twenty of sixty unindexed volumes. At trial, these records were admitted into evidence as Exhibit 14 on a flash drive, but the record does not reflect that any witness testified about them, nor were they referenced in appellate briefing until Husband's motion for rehearing.

–7–

will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established.'" *Id.* (quoting TEX. FAM. CODE ANN. § 101.007). Whether the statements do, in fact, support Rice's assumptions about them and whether the trial court would find Rice's testimony less credible if they do not, are not matters this Court may determine. *See Slicker v. Slicker*, 464 S.W.3d 850, 858 (Tex. App.—Dallas, 2015, no pet.) ("In a bench trial, the trial court acts as the fact finder and is the sole judge of the credibility of witnesses."); *Tate v. Tate*, 55 S.W.3d 1, 5 (Tex. App.—El Paso 2000, no pet.) (court of appeals may not "pass on the weight or credibility of the witnesses' testimony"). The trial court also ordered Husband to pay the debt associated with each account, part of a just and right division that this Court may not modify on appeal. *Jacobs v. Jacobs*, 687 S.W.2d 731, 733 (Tex. 1985) ("Once reversible error affecting the 'just and right' division of the community estate is found, the court of appeals must remand the entire community estate for a new division."); *Slicker*, 464 S.W.3d at 858 (same).

Accordingly, we reverse the portion of the trial court's judgment that characterizes and divides the parties' estates, and affirm the trial court's judgment in all other respects.

## CONCLUSION

We remand the case to the trial court for characterization of the parties' estates and division of the parties' community estate.

200575f.p05

/Maricela Breedlove/
MARICELA BREEDLOVE
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JANELLE NICOLE LANDRY,
Appellant

No. 05-20-00575-CV          V.

THEODORE STANLEY LANDRY,
Appellee

On Appeal from the 429th Judicial District Court, Collin County, Texas Trial Court Cause No. 429-56250-2017.
Opinion delivered by Justice Breedlove. Justices Molberg and Garcia participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part and **REVERSED** in part. We **REVERSE** that portion of the trial court's judgment that characterizes and divides the parties' estates. In all other respects, the trial court's judgment is **AFFIRMED**. We **REMAND** this cause to the trial court for characterization of the parties' estates and division of the parties' community estate.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 17th day of September, 2024.