**Denied and Opinion Filed December 16, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-01159-CV

## IN RE FORT APACHE ENERGY, INC., ALLAN P. BLOXSOM, AND DRILLING RISK MANAGEMENT, INC., Relators

**Original Proceeding from the 162nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-15-01534**

## OPINION

Before Justices Lang-Miers, Evans, and Whitehill
Opinion by Justice Evans

In this petition for writ of mandamus, relators request that we compel the trial court to vacate its August 7, 2015 order denying relators' plea in abatement and order the trial court to abate the lawsuit that is the subject of this petition. We deny the petition because we conclude that relators have an adequate appellate remedy. Because the facts and issues are familiar to the parties, we do not recount them here.

Ordinarily, to obtain mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). Controlling authority dictates that appeal is typically an adequate remedy to resolve errors in rulings with regard to dominant jurisdiction because such rulings are incidental rulings which can be corrected on appeal. *Hall v. Lawlis*, 907 S.W.2d 493, 494 (Tex. 1995) (orig. proceeding) (per curiam); *Abor v. Black*, 695

S.W.2d 564, 566 (Tex. 1985) (orig. proceeding); *Reynolds, Shannon, Miller, Blinn, White & Cook v. Flanary*, 872 S.W.2d 248, 250 (Tex. App.—Dallas 1993, no writ) ("Mandamus relief will not lie, however, to determine dominant jurisdiction between two courts when both courts have jurisdiction to act and neither court is interfering with the other's exercise of jurisdiction."); *see also In re Puig*, 351 S.W.3d 301, 306 (Tex. 2011) (orig. proceeding) (reaffirming rule in dictum). Mandamus relief is appropriate, however, when the non-dominant court interferes with the jurisdiction of the dominant court. *Hall*, 907 S.W.2d at 494; *Abor*, 695 S.W.2d at 567; *Curtis v. Gibbs*, 511 S.W.2d 263, 267 (Tex. 1974) (orig. proceeding).

We cannot conclude, as relators urge us to, that the trial court's docket control order, which includes an "Initial Trial Setting" for February 22, 2016, amounts to the kind of direct interference with the jurisdiction of the Kendall County Court, which has set the case for jury trial on March 14, 2016, that warrants mandamus relief under currently governing law. While the supreme court granted mandamus relief in a case with conflicting trial settings in *Perry v. Del Rio,* 66 S.W.3d 239 (Tex. 2001) (orig. proceeding), the circumstances in that case were significantly different. Only the supreme court, not the two different courts of appeals to which the redistricting cases would be appealed, "could timely determine which of the two courts had the dominant jurisdiction to proceed because the deadline simply did not leave room for normal appellate remedies." *In re TXU Elec. Co.*, 67 S.W.3d 130, 135 (Tex. 2001) (orig. proceeding) (Phillips, C.J., concurring). As the supreme court explained in *Perry*:

> In the current circumstances, further confusion or delay in the trial of the pending challenges to congressional districting poses the very real threat that the parties will not be able to obtain a decision in the state courts that is final on appeal before the October 1 deadline set by the federal courts. Although counsel assured us at oral argument that they and the two district courts involved have cooperated in an effort to conduct two trials of the same issues, we think the inefficiency of such an approach and the uncertainty that will attend two appeals and a final appeal to this Court pose an intolerable risk to completing the process within the limited time remaining. The Supreme Court has recognized that the right of a state's citizens to have districts drawn by state institutions is so substantial that

federal courts must reasonably accommodate the state process and defer to a state solution. We believe that protection of this right necessitates the issuance of mandamus relief here.

*Perry*, 66 S.W.3d at 257 (footnote omitted). Those sorts of concerns are simply not at play in this case.

We also cannot conclude that the advent of the balancing test mandated by *In re Prudential* permits us to disregard directly controlling precedent that has never been overruled by the supreme court. *See, e.g.*, *In re ExxonMobil Prod. Co.*, 340 S.W.3d 852, 858 (Tex. App.—San Antonio 2011, orig. proceeding [mand. denied]) ("Limiting mandamus relief as per *Abor* precludes the flexibility of the remedy in plea in abatement cases because *Abor*'s holding fails to account for any case-by-case consideration of the benefits and detriments of mandamus review."). It is the prerogative of the supreme court to overrule its own decisions if it determines the reasons have been rejected by another line of decisions. *See Rodriguez de Quijas v. Shearson/Am. Express, Inc.*, 490 U.S. 477, 484 (1989) ("If a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the [court] should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions."); *Owens Corning v. Carter*, 997 S.W.2d 560, 571 (Tex. 1999) (same); *In re Smith Barney, Inc.*, 975 S.W.2d 593, 598 & n.27 (Tex. 1998) (same); *Va. Indon. Co. v. Harris Cty. Appraisal Dist.*, 910 S.W.2d 905, 912 (Tex. 1995) (same).

We deny the petition for writ of mandamus.

/David W. Evans/

DAVID EVANS
JUSTICE

Whitehill, J. Dissenting

151159F.P05

–3–