Opinion by Justice Evans
" 'The premise of our adversarial system is that appellate courts do not sit as self-directed boards of legal inquiry and research, but essentially as arbiters of legal questions presented and argued by the parties before them. ' "[1]
We have to decide the appropriate disposition of a case by an appellate court when an appealing party does not challenge *313 all possible grounds that could support the trial court's judgment. For nearly fifty years, the proper action has been to affirm a judgment when the appealing party has failed to show reversible error. See Malooly Bros., Inc. v. Napier , 461 S.W.2d 119, 121 (Tex. 1970). This is not affirmance of a judgment based on "briefing waiver." It is affirmance based on the appellant's failure to show that reversal of the judgment is required which is the fundamental purpose of every appeal in our adversarial system. See TEX. R. APP. P. 44.1(a).
In en banc conference, we have also considered to what extent Texas Rule of Appellate Procedure 38.9(b) authorizes the Court to sua sponte identify an issue not raised by appellants and request additional briefing on that issue. We conclude that, while rule 38.9(b)does allow the Court some discretion in remedying substantive defects in parties' briefs, it does not allow this Court to sua sponte identify an issue not raised by a party and request additional briefing or reformulate an appellant's argument into one not originally asserted. See TEX. R. APP. P. 38.9(b) ; see also State v. Bailey , 201 S.W.3d 739, 743-44 (Tex. Crim. App. 2006) ("While this provision [ rule 38.9(b) ] gives the appellate courts some discretion in remedying 'substantive defects' in parties' briefs, it does not allow the court of appeals to reach out and reverse the trial court on an issue that was not raised.").
BACKGROUND
Appellants St. John Missionary Baptist Church, Symphuel Anderson, Beverly Davis, and Patricia Mays assert that the trial court erred by granting the motion to dismiss and plea to the jurisdiction filed by appellees Merle Flakes, Eloise Square, Mary Jo Evans, Annie Katherine White, Ella Mae Rollins, Eddie Abney, Gwendolyn Brown, Mark Horton, David Pailin, Sr., Dee Patterson, and Penny White. However, in their brief they did not challenge one of the two grounds supporting the trial court's judgment.
On September 27, 2014, a church vote was taken in a specially called church conference. A majority of those present at the vote elected to terminate the contract of the pastor, Bertrain Bailey. Bailey and Merle Flakes, the chairman of St. John's trustee board, were given notice of the vote, but Bailey refused to vacate the position. Bailey continued to receive checks from Flakes and other appellees entered into a loan for $979,000 and began selling the real property of St. John.
Appellants, St. John church members who sought to terminate Bailey, filed a petition seeking a temporary restraining order and permanent injunction to prevent appellees, other St. John church members, from selling properties belonging to St. John. Appellees filed a motion to dismiss and plea to the jurisdiction. In an amended motion, appellees asserted two separate grounds: (1) the court lacked subject matter jurisdiction based on the ecclesiastical abstention doctrine and (2) appellants lacked standing to file a lawsuit. The trial court held a hearing regarding appellees' amended motion to dismiss and plea to the jurisdiction during which both grounds were argued. The trial court granted the motion and dismissed the case. Appellants then perfected this appeal and filed an appellate brief that addressed only the standing argument.
ANALYSIS
As stated above, appellees asserted two grounds in their amended motion to dismiss and plea to the jurisdiction, but the trial court's order granting the motion to dismiss and plea to the jurisdiction did not state on which ground or *314 grounds it was granting the motion.[2] Where an order does not specify the grounds on which it is based, appellants must show that each independent ground is insufficient to support the order. McMahon Contracting, L.P. v. City of Carrollton , 277 S.W.3d 458, 468 (Tex. App.-Dallas 2009, pet. denied).
On appeal, appellants challenge only the second of these grounds for dismissal.[3] We must affirm a trial court's judgment or order unless we are shown reversible error. See TEX. R. APP. P. 44.1(a) ("No judgment may be reversed on appeal on the ground that the trial court made an error of law unless the court of appeals concludes that the error complained of: (1) probably caused the rendition of an improper judgment; or (2) probably prevented the appellant from properly presenting the case to the court of appeals."). If the appellant fails to challenge all possible grounds, we must accept the validity of the unchallenged grounds and affirm the adverse ruling. See Malooly Bros. , 461 S.W.2d at 121 ("The judgment must stand, since it may have been based on a ground not specifically challenged by the plaintiff and since there was no general assignment that the trial court erred in granting summary judgment."); see also RSL Funding, LLC v. Pippins , 499 S.W.3d 423, 434 (Tex. 2016) (per curiam) ("Although the court of appeals erred by holding RSL waived its right to arbitrate by litigation conduct, in a footnote it said it would have affirmed the trial court's rulings on the alternative basis that RSL did not challenge one ground on which the [trial court] could have ruled in denying RSL's motion to stay the litigation-RSL failed to join its assignees in the arbitration. RSL urges that as to that part of its decision, the court of appeals was in error. But after *315 reviewing RSL's briefs in the court of appeals, we agree with the appeals court and will affirm."); Nobility Homes of Tex., Inc. v. Shivers , 557 S.W.2d 77, 83 (Tex. 1977) (concluding appellant's failure to challenge separate and independent ground of recovery for negligence required affirmance of judgment); Midway Nat'l Bank v. W. Tex. Wholesale Supply Co. , 453 S.W.2d 460, 461 (Tex. 1970) (per curiam) (affirming judgment when appellant failed to attack independent legal conclusion that "fully supported" judgment).[4] This result is inescapable because appellants cannot demonstrate they are harmed by one erroneous basis for a trial court's ruling if other bases exist that they failed to challenge. See Oliphant Fin. LLC v. Angiano , 295 S.W.3d 422, 424 (Tex. App.-Dallas 2009, no pet.) ("If an independent ground fully supports the complained-of ruling or judgment, but the appellant assigns no error to that independent ground, we must accept the validity of that unchallenged independent ground, and thus any error in the grounds challenged on appeal is harmless because the unchallenged independent ground fully supports the complained-of ruling or judgment."); Britton v. Tex. Dep't of Criminal Justice , 95 S.W.3d 676, 681 (Tex. App.-Houston [1st Dist.] 2002, no pet.) ("any error in the grounds challenged on appeal is harmless because the unchallenged independent ground fully supports the complained-of ruling or judgment").
As explained by our sister court of appeals, fully addressing the pertinent issues is done as follows:
This can be accomplished by asserting a separate issue challenging each possible ground. Jarvis [v. Rocanville Corp.] , 298 S.W.3d [305] at 313 [ (Tex.App.-Dallas 2009) ]. Alternatively, a party can raise an issue which broadly asserts that the trial court erred by granting summary judgment and within that issue provide argument negating all possible grounds upon which summary judgment could have been granted. See Star-Telegram, [Inc. v. Doe, ] 915 S.W.2d [471] at 473 [ (Tex. 1995) ] ; Jarvis, 298 S.W.3d at 313. This is sometimes referred to as a Malooly issue. See e.g., Rangel v. Progressive County Mutual Insurance Company, 333 S.W.3d 265, 269-70 (Tex. App.-El Paso 2010, pet. denied). It is not sufficient to merely raise a general issue as the appellant must also support the issue with argument and authorities challenging each ground. Rangel, 333 S.W.3d at 270, citing Cruikshank v. Consumer Direct Mortgage, Inc., 138 S.W.3d 497, 502-03 (Tex. App.-Houston [14th Dist.] 2004, pet. denied) (a general Malooly issue statement only preserves a complaint if the ground challenged on appeal is supported by argument). If the appellant fails to challenge each ground on which summary judgment could have been granted, we must uphold the summary judgment on the unchallenged ground. Star-Telegram, Inc., 915 S.W.2d at 473 ; Jarvis, 298 S.W.3d at 313.
Ramirez v. First Liberty Ins. Corp. , 458 S.W.3d 568, 571-72 (Tex. App.-El Paso 2014, no pet.) (footnote omitted).
The Texas Supreme Court has not overruled Malooly or provided authority that would allow us to sua sponte identify a *316 potentially reversible issue not briefed by appellants and then offer appellants the opportunity to further brief that issue. Contrary to the dissenting opinions' view of rule 38.9(b), the text of this rule does not authorize issue identification by an appellate court and supplemental briefing. See TEX. R. APP. P. 38.9(b). Moreover, directing rebriefing on an issue not raised in appellants' opening brief after submission of a case to a panel is even more disruptive to the appellate process than appellants raising an issue for the first time in a reply brief-which is not permitted. See TEX. R. APP. P. 38.3 ; City of San Antonio v. Schautteet , 706 S.W.2d 103, 104 (Tex. 1986) (per curiam) ("[T]he court of appeals should not have addressed the constitutional challenge. Schautteet raised the issue of violation of the open courts provision for the first time in a reply brief filed on appeal."); Powell v. Knipp , 479 S.W.3d 394, 408 (Tex. App.-Dallas 2015, pet. denied) ("Issues raised for the first time in a reply brief are ordinarily waived and may not be considered by an appellate court.").
Until the supreme court clearly and unequivocally directs otherwise, construing rule 38.9(b) to require us to identify and suggest briefing on issues not raised by an appellant would depart from our duty to be neutral and impartial. See Salazar v. Sanders, 440 S.W.3d 863, 872 (Tex. App-El Paso 2013, pet. denied) ("Appellate courts are required to construe briefs reasonably, yet liberally, so that the right to appellate review is not lost by waiver, and in so doing, we should reach the merits of an appeal whenever reasonably possible. At the same time, an appellate court should not make the appellant's argument for him because the court would be abandoning its role as a neutral adjudicator and would become an advocate for the appellant.") (internal citation omitted); Valadez v. Avitia , 238 S.W.3d 843, 845 (Tex. App.-El Paso 2007, no pet.) ("An appellate court has no duty-or even right-to perform an independent review of the record and applicable law to determine whether there was error. Were we to do so, even on behalf of a pro se appellant, we would be abandoning our role as neutral adjudicators and become an advocate for that party."). "The premise of our adversarial system is that appellate courts do not sit as self-directed boards of legal inquiry and research, but essentially as arbiters of legal questions presented and argued by the parties before them." Nelson , 562 U.S. at 148 n.10, 131 S.Ct. 746 (citation omitted).
There is one issue in civil cases that the supreme court has clearly and unequivocally directed us to consider sua sponte: whether we have subject matter jurisdiction-and we do request additional briefing on that issue. See Rusk State Hosp. v. Black , 392 S.W.3d 88, 103 (Tex. 2012) ("Subject matter jurisdiction cannot be waived or conferred by agreement, can be raised at any time, and must be considered by a court sua sponte."). We are not the first court of appeals to observe this is an exception to Malooly . See Britton , 95 S.W.3d at 681 n.6. But in this case neither we nor the parties question our appellate jurisdiction, and we did not question subject matter jurisdiction for the first time on appeal. Rather, appellees challenged subject matter jurisdiction in the trial court on the two grounds in their amended motion to dismiss and plea to the jurisdiction. The supreme court's express direction regarding subject matter jurisdiction supports our conclusion that only if the supreme court clearly and unequivocally construed rule 38.9(b) to require us to identify and suggest briefing on some other issue not raised by an appellant would we consider ourselves authorized to do so. The text of rule 38.9(b) does not compel that conclusion.
*317 The dissents' view of rule 38.9(b) is that every notice of appeal necessarily brings forward all issues pertaining to the dispositive rulings of the trial court such that when a party fails in its brief to challenge one of those issues, arguments, reasons, bases, or grounds, "the case has not been properly presented in the briefs." TEX. R. APP. P. 38.9(b). According to the dissents, every deficiency can be viewed as briefing waiver falling within the ambit of rule 38.9(b). But we do not consider rule 38.9(b) an overarching edict on appellate practice. Its provisions neither subsume nor supplant our adversarial system and all substantive and procedural law on appellate briefing.[5]
"The words of a governing text are of paramount concern, and what they convey, in their context, is what the text means." ANTONIN SCALIA & BRYAN A. GARNER , READING LAW: THE INTERPRETATION OF LEGAL TEXTS 56 (2012). The adversarial system is the general context of all procedural rules, leading one not to expect a single rule to change the adversarial system in most matters that would come before a court.
The immediate context of rule 38.9(b) is rule 38. The entirety of rule 38 provides how a brief is to properly present each case: the contents of an appellant's brief are set forth in rule 38.1, an appellee's brief in rule 38.2, the reply brief in rule 38.3, the appendix in rule 38.5, filing deadlines in rule 38.6, amendment or supplementation in rule 38.7, and results of an appellant's failure to file a brief in rule 38.8. Every one of these rules pertains to the proper presentation of briefs and none dictates what issues or substantive or procedural law an appellant should include in its brief. As the concluding sub-rule within rule 38, the reference in rule 38.9(b) to whether "the case has not been properly presented in the briefs" is to the content of the rules that preceded it: rules 38.1-.8. There is no basis for the dissents' position that rule 38.9(b) includes rule 44.1's requirement that appellate courts not reverse unless harmful error is demonstrated by the appellant or that rule 38.9(b) implicitly abrogated Malooly . See TEX. R. APP. P. 44.1. The supreme court knows how to adopt clear rules abrogating one of its precedents and to inform the judiciary and bar in comments that it is doing so. The supreme court has not overruled Malooly , and rule 38.9(b) neither expressly nor implicitly calls into question its continued viability. It is the prerogative of the supreme court, not us, to overrule the supreme court's decisions if it determines the reasons have been rejected by another line of decisions. See Rodriguez de Quijas v. Shearson/Am. Express, Inc. , 490 U.S. 477, 484, 109 S.Ct. 1917, 104 L.Ed.2d 526 (1989) ("If a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the [court] should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions."); Owens Corning v. Carter , 997 S.W.2d 560, 571 (Tex. 1999) (same); In re Smith Barney, Inc. , 975 S.W.2d 593, 598 & n.27 (Tex. 1998) (same); Va. Indon. Co. v. Harris Cty. Appraisal Dist. , 910 S.W.2d 905, 912 (Tex. 1995) (same); In re Fort Apache Energy, Inc. , 482 S.W.3d 667, 669 (Tex. App.-Dallas 2015) (orig. proceeding) (same).
*318 Because appellants fail to challenge all grounds upon which the trial court could have granted appellees' amended motion to dismiss and plea to the jurisdiction, we have no discretion to do anything other than to accept the validity of the unchallenged ground. See Malooly Bros. , 461 S.W.2d at 121.
CONCLUSION
We affirm the trial court's judgment.
Schenck, J., dissenting joined by Bridges, Fillmore, Myers, and Boatright, JJ.

Nat'l Aeronautics & Space Admin. v. Nelson , 562 U.S. 134, 148 n.10, 131 S.Ct. 746, 178 L.Ed.2d 667 (2011) (quoting Carducci v. Regan , 714 F.2d 171, 177 (D.C. Cir. 1983) (opinion for the court by Scalia, J.) ).

In the recital paragraph of the final order, the trial court documented that in addition to filed motions, response, supplemental response, pleadings, and arguments of counsel, the trial court considered "the acknowledgement by both sides in open court during the hearing that the individual Plaintiffs are no longer members of the St. John Missionary Baptist Church, Inc." The quoted statement pertained to appellees' standing argument. The decretal paragraph provided, "Defendants' Amended Motion to Dismiss and Plea to the Jurisdiction is granted and Plaintiffs' case is hereby dismissed." Neither the recital nor decretal paragraphs of the order limited the basis of the relief granted to anything less than the entire motion, but if there were a conflict, the decretal paragraph would control. See State v. Brownlow , 319 S.W.3d 649, 653 (Tex. 2010) ("Express decretal language in a judgment controls over recitals.") citing Magnolia Petroleum Co. v. Caswell , 1 S.W.2d 597, 600 (Tex. Comm'n App.1928, judgm't adopted) and Nelson v. Britt , 241 S.W.3d 672, 676 (Tex. App.-Dallas 2007, no pet.) ("[W]here there appears to be a discrepancy between the judgment's recital and decretal paragraphs, a trial court's recitals, which precede the decretal portions of the judgment, do not determine the rights and interests of the parties.").

Appellants' brief frames their issue as, "Did the trial court abuse its discretion when it found that Plaintiffs/Appellants did not have standing to bring suit on behalf of St. John's Missionary Baptist Church, Inc.?" The only argument presented is standing. There is no mention in the brief of "subject matter jurisdiction," the general topic of subject matter jurisdiction, or the ecclesiastical abstention doctrine. In the trial court, the motion to dismiss and plea to the jurisdiction used both terms together, arguing that "The ministerial exception provides that civil courts lack subject-matter jurisdiction to decide cases concerning employment decisions by religious institutions concerning a member of the clergy or an employee in a ministerial position." Another reference in the record is an associate judge's order dissolving a temporary restraining order stated, "Upon further consideration, this Court sua sponte DISSOLVES same, finding that it lacks subject matter jurisdiction based upon the ecclesiastical abstention doctrine."

As for the continued viability of Malooly , the supreme court continues to cite Malooly when analyzing whether issues are broadly enough framed to encompass arguments raised before the supreme court when the contention is made that the argument was not made before the court of appeals. See Knopf v. Gray , No. 17-0262, 545 S.W.3d 542, 546 n.5, 2018 WL 1440160, at *2 n.5 (Tex. Mar. 23, 2018) (per curiam); Plexchem Int'l, Inc. v. Harris Cty. Appraisal Dist. , 922 S.W.2d 930, 930-31 (Tex. 1996).

The dissents criticize the majority for not expositing rule 38.9(b). But it is inappropriate for us to do so when, in our view, rule 38.9(b) does not apply, and to do so would constitute an advisory opinion. It is sufficient for our purposes to explain what rule 38.9(b) does not encompass and that is a failure of an appellant to demonstrate error resulted in harm under rule 44.1 due to a Malooly situation.