**AFFIRM; and Opinion Filed August 14, 2018.**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-16-01413-CV

**LAKEPOINTE PHARMACY #2, LLC, RAYMOND AMAECHI, AND VALERIE AMAECHI, Appellants**
**V.**
**PM FORNEY MOB, LP, PM REALTY GROUP LP, WRAM INVESTMENTS, RICHARD ALLEN, AND RICHARD SPIRES, Appellees**

**On Appeal from the 422nd Judicial District Court**
**Kaufman County, Texas**
**Trial Court Cause No. 96367-422**

## MEMORANDUM OPINION

Before Justices Lang, Fillmore, and Schenck
Opinion by Justice Fillmore

Lakepointe Pharmacy #2, LLC, Raymond Amaechi, and Valerie Amaechi (collectively, appellants) appeal the trial court's summary judgment on their causes of action against PM Realty Group, LP, PM Forney MOB, WRAM Investments, LLC, Richard Allen, and Richard Spires (collectively, appellees). In three issues,[1] appellants argue the trial court erred in granting summary judgment against them on their claims against appellees for common law fraud, fraud by misrepresentation, negligent misrepresentation, and multiple violations of the Texas Deceptive

---

[1] At oral argument, appellants withdrew their first issue challenging the trial court's summary judgment on their tortious interference with prospective contract cause of action against PM Realty Group, LP. In this opinion, we address the remaining issues as they are numbered in appellants' brief.

Trade Practices-Consumer Protection Act (DTPA).[2]  For the reasons that follow, we conclude the trial court properly granted summary judgment in favor of appellees on appellants' claims.  Accordingly, we affirm the trial court's judgment.

## BACKGROUND

This case involves the lease of space in a commercial building (building) in Forney, Texas developed by PM Realty Group, LP (PMRG) and originally owned by PM Forney MOB, LP (PM Forney).  PM Forney subsequently sold the building to Forney Deerval, LLC and Forney Willeta, LLC (collectively, Landlord).  WRAM Investments, LLC (WRAM), which was owned by Richard Allen, leased space in the building from Landlord.  Richard Spires owned Management Directions, Inc., a company that provided business consulting services to physicians, including at least one doctor in the building.  On July 15, 2011, WRAM, PM Forney, and Lakepointe Pharmacy #2 (Lakepointe), which was owned by Raymond Amaechi, a pharmacist, and Valerie Amaechi, executed an Assignment, Assumption and Amendment to Medical Office Building Lease (assignment).  Under the assignment, Lakepointe assumed WRAM's lease obligations for the purpose of operating a pharmacy in the building (Lease).  The Amaechis signed a personal guaranty of Lakepointe's obligations under the Lease (Guaranty).  Lakepointe occupied the space until early 2014.

PMRG provided property management services for the building.  A letter from PMRG to Lakepointe dated October 14, 2013, and subsequent letters dated March 13, 2014, and March 31, 2014, from Landlord's attorneys to appellants, reflect a dispute over rent and other charges due under the Lease.  On April 9, 2014, Landlord filed suit against appellants for breach of the Lease and Guaranty.  As relevant to this appeal, appellants filed "counterclaims and crossclaims" against

---

[2] TEX. BUS. & COM. CODE ANN. § 17.41 (West 2011).

appellees for common law fraud, fraud by misrepresentation, negligent misrepresentation, and violations of the DTPA, alleging they had been fraudulently induced to assume the Lease. The Amaechis claimed they assumed the Lease in reliance upon statements by Allen and Spires, either individually or as agents of their respective businesses, that if Lakepointe agreed to assume the Lease, Lakepointe would receive a minimum number of prescription orders per day from doctors in the building; Lakepointe would be permitted to sublet space subject of the Lease; and exterior signage for Lakepointe would be erected outside the building. The Amaechis additionally claimed Spires misrepresented that the space subject of the Lease was suitable for Lakepointe's pharmacy business, and he had authority to speak on behalf of PM Forney and PMRG regarding "interpretation of the proposed terms of the assignment agreement."

Appellees filed various individual motions for summary judgment on appellants' claims against them, incorporating each other's summary judgment motions by reference.[3] The trial court ultimately issued a final order granting summary judgment in favor of appellees on each of appellants' claims against them, and severed those claims from Landlord's lawsuit against appellants. The trial court did not specify the grounds on which it granted summary judgment. This appeal arose out of the severed action.

Appellants raise three issues on appeal, challenging the trial court's summary judgment in favor of appellees on appellants' claims for common law fraud, fraud by misrepresentation, negligent misrepresentation, and violations of the DTPA.

---

[3] A motion for summary judgment must "state the specific grounds therefore." TEX. R. CIV. P. 166a(c). Some intermediate courts of appeals have permitted a defendant to adopt by reference the summary judgment grounds, arguments, and evidence of another defendant for identical defenses when both defendants have a community of interest, but this Court has not determined whether incorporation by reference of another movant's summary judgment grounds is permitted under rule 166a(c). *See Richardson E. Baptist Church v. Philadelphia Indem. Ins. Co.*, No. 05-14-01491-CV, 2016 WL 1242480, at *6 n.5 (Tex. App.—Dallas March 30, 2016, pet. denied) (mem. op.) (internal citations omitted). In this case, appellants did not complain at trial or on appeal about the individual appellees incorporating by reference each other's summary judgment grounds, arguments, and evidence.

## STANDARD OF REVIEW

We review a trial court's rendition of summary judgment de novo. *Lujan v. Navistar, Inc.*, No. 16-0588, 2018 WL 1974473, at *3 (Tex. Apr. 27, 2018). A defendant moving for traditional summary judgment must either conclusively negate at least one essential element of the plaintiff's cause of action or conclusively establish each element of an affirmative defense as a matter of law. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010). A matter is conclusively established if ordinary minds could not differ as to the conclusion to be drawn from the evidence. *In re Estate of Hendler*, 316 S.W.3d 703, 707 (Tex. App.—Dallas 2010, no pet.). We consider the evidence in the light most favorable to the non-movant, indulging every reasonable inference and resolving any doubts against the motion. *Schlumberger Tech. Corp. v. Pasko*, 544 S.W.3d 830, 833 (Tex. 2018) (per curiam); *Baleares Link Express, S.L. v. GE Engine Servs.-Dallas, LP*, 335 S.W.3d 833, 836 (Tex. App.—Dallas 2011, no pet.). We credit evidence favorable to the non-movant if a reasonable factfinder could, and disregard contrary evidence unless a reasonable factfinder could not. *Samson Exploration, LLC v. T.S. Reed Props., Inc.*, 521 S.W.3d 766, 774 (Tex. 2017). The movant meets its summary judgment burden if it establishes no genuine issue of material fact exists and it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). If the movant satisfies its burden, the burden shifts to the non-movant to preclude summary judgment by presenting evidence that raises a genuine issue of material fact. *Lujan*, 2018 WL 1974473, at *3; *Affordable Motor Co., Inc. v. LNA, LLC*, 351 S.W.3d 515, 519 (Tex. App.—Dallas 2011, pet. denied).

Where, as here, a party moves for summary judgment on multiple grounds and the trial court's order does not specify the grounds on which it granted summary judgment, the party appealing the order must negate all possible grounds upon which the order could have been granted. *See Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970); *St. John Missionary*

*Baptist Church v. Flakes*, 547 S.W.3d 311, 313–14 (Tex. App.—Dallas 2018, pet. filed) (en banc). If the appellant fails to challenge all possible grounds, we must accept the validity of the unchallenged grounds and affirm the adverse ruling. *Malooly Bros., Inc.*, 461 S.W.2d at 121 ("The judgment must stand, since it may have been based on a ground not specifically challenged by the plaintiff and since there was no general assignment that the trial court erred in granting summary judgment.").

## THE ALLEGED MISREPRESENTATIONS

As relevant to this appeal, the alleged misrepresentations that were the subject of appellants' claims for common law fraud, fraud by misrepresentation, negligent misrepresentation, and DTPA violations were purported statements made by Allen and Spires that WRAM, PMRG, and PM Forney would "provide assistance to Lakepointe in the form of sending a minimum amount of prescriptions per day in connection with their and their patients' pharmacological needs;" "doctors who were co-owners of the [building] would support Lakepointe's business by sending at least 150 prescription orders per day through promotion of the quality service of Lakepointe;" Lakepointe would be able to sublease part of the space subject of the Lease; and "signage for the pharmacy [would] be placed on a monument sign on the building property." Appellants further allege Spires represented to appellants that he had authority to speak on behalf of PM Forney and PMRG "about interpretation of the proposed terms of the assignment agreement," and the space subject of the Lease was "suitable for Lakepointe's business."

Appellees moved for summary judgment on appellants' causes of action for common law fraud, fraud by misrepresentation, and negligent misrepresentation on the grounds the alleged misrepresentations did not involve statements of fact, the absence of reasonable reliance on the alleged misrepresentations was established as a matter of law, and the affirmative defense of ratification was established as a matter of law, and on appellants' DTPA claim on the ground the

transaction at issue was exempt from the DTPA.[4]  The trial court granted appellees' motions for summary judgment, ordering that appellants take nothing on their claims.

## ANALYSIS

In three issues, appellants argue the trial court erred when it granted appellees' summary judgment motions because (a) appellees "failed to submit competent summary judgment evidence that supported each element of their defenses," and (b) appellants "presented competent summary judgment evidence that created a genuine issue of material fact for each element of its causes of action" against appellees.  Specifically, appellants claim they offered "competent evidence that appellees knowingly made false statements about their intended actions after the assignment" "without any intention to perform."  Appellants also maintain appellees did not offer competent summary judgment evidence that the Lease assignment was exempt from the DTPA, but rather relied on "unreliable [witness] testimony" and rent and costs charged under the Lease which were "not supported by any underlying documents."

### *Appellants' DTPA Claims*

We first address appellants' fourth issue, in which appellants contend the trial court erred in granting summary judgment in favor of appellees on appellants' DTPA claims.  Section 17.49(f) of the DTPA provides:

> Nothing in the subchapter shall apply to a claim arising out of a written contract if:
>
> (1) the contract relates to a transaction, a project, or a set of transactions related to the same project involving total consideration by the consumer of more than $100,000;
>
> (2) in negotiating the contract the consumer is represented by legal counsel who is not directly or indirectly identified, suggested, or selected by the defendant or an agent of the defendant; and

---

[4] PMRG additionally moved for summary judgment on the grounds it did not make any of the alleged misrepresentations.  Spires additionally moved for summary judgment on the grounds appellants' negligence and DTPA claims each were barred by a two-year statute of limitations.

(3) the contract does not involve the consumer's residence.

TEX. BUS. & COM. CODE ANN. §17.49(f).

The summary judgment evidence and appellants' pleadings show their DTPA claims arose out of a written assumption and assignment of a lease for space in an office building used for the operation of appellants' pharmacy, which is not appellants' residence. At his March 30, 2016 deposition, Raymond Amaechi testified the Lease was for space in a medical office building to operate Lakepointe, a "full-fledged pharmacy."

The summary judgment evidence also shows appellants were represented by counsel during the negotiations preceding appellants' assumption of the Lease. At his March 30, 2016 deposition, Raymond Amaechi testified his attorney, Jeff Libby, represented him "during the entire time" of the negotiations leading up to appellants' assumption of the Lease; reviewed the Lease documents, including the original lease assumed by appellants and the assignment, prior to appellants' execution of the assignment; and "made some suggested edits to [the assignment]." WRAM and PM Forney each were represented by their own counsel during the negotiations.

Finally, the summary judgment evidence shows appellants' assignment and assumption of the Lease involved total consideration in excess of $100,000. That evidence includes the payment terms set forth in the Lease; the affidavit of Melissa Key, Senior Vice President of PMRG, showing appellants paid over $92,765.43 under the Lease and were sued for unpaid rent of at least $33,452.49; and a November 26, 2013 email from Merritt Crosby, appellants' attorney, to PMRG stating, "[my client's] total obligations under the lease through November 2013 would appear to be $106,080.00."

Appellants argue the Key affidavit and other summary judgment evidence showing the amount in controversy was over $100,000 is "unreliable" because the witnesses "did not review or confirm whether any of the data for the bills" was "input correctly . . . or based on any actual

invoice, bill, or cost incurred." In her affidavit, Key testified she directly supervised PMRG property managers, including supervision of the calculation and collection of rent and other amounts due from tenants under their leases in the building; produced or supervised the production of a "record of account," attached as exhibits to her affidavit, showing rent and other amounts appellants owed to Landlord under the Lease; and was the custodian of records of PMRG. Key further testified the business records attached as exhibits to her affidavit were kept in the regular course of PMRG's business; made by Key or another representative of PMRG or Landlord with knowledge of the information in the records; made at or near the time of the events and information recorded in the records; and were exact duplicates of the originals. Moreover, Key testified in her deposition that she and "accounting" reviewed the reconciliations relating to appellants' bills before they went out. Key further testified records of "actual invoices or bills" were in the "general ledger," which "shows every expense that was billed to that property throughout the year."

We conclude Key, in her capacity as custodian of PMRG's records, was qualified to attest to the amounts due and owing by appellants to Landlord under the Lease, and the Key affidavit and attached exhibits constituted competent summary judgment evidence thereof. *See Countrywide Home Loans, Inc.*, 232 S.W.3d at 358–61. The summary judgment evidence shows all elements of DTPA section 17.49(f) were established as a matter of law, and appellants did not produce any evidence that raises a genuine issue of material fact as to the applicability of the DTPA. We resolve appellants' fourth issue against them.

*Appellants' Common Law Fraud, Fraud by Misrepresentation, and
Negligent Misrepresentation Claims*

In their second and third issues, appellants contend the trial court erred in granting summary judgment in favor of appellees on appellants' common law fraud claims and on their fraud by misrepresentation and negligent misrepresentation claims because they offered "enough

–8–

competent evidence to create a fact issue" on their claim appellees "made material misrepresentations to Appellants without any intention to perform."

When more than one ground is asserted in a motion for summary judgment and the trial court does not specify the grounds on which it rendered summary judgment, an appellant must challenge each ground asserted. *Flakes*, 547 S.W.3d at 313–14; *Walker v. Town N. Bank, N.A.*, No. 05-10-01174-CV, 2012 WL 3536183, at *2 (Tex. App.—Dallas Aug. 6, 2012, no pet.) (mem. op.). If an appellant fails to challenge one of the asserted grounds for summary judgment, an appellate court must affirm the summary judgment on that ground alone. *See Flakes*, 547 S.W.3d at 313–14.

One of the grounds asserted by appellees in their motions for summary judgment was the affirmative defense that appellants ratified the Lease and waived any right to assert their claims for common law fraud, fraud by misrepresentation, and negligent misrepresentation. On appeal, appellants do not assert as error the granting of summary judgment on those claims on the basis of appellees' affirmative defense of ratification. Applying the appropriate standard of review, we make no determination on the merits of appellees' affirmative defense of ratification. However, under controlling precedent, we are obliged to affirm the trial court's grant of summary judgment in favor of appellees on appellants' claims for common law fraud, fraud by misrepresentation, and negligent misrepresentation because appellants do not challenge every possible ground for the trial court's summary judgment. *See id.*

We resolve appellants' issues two and three against it.

**CONCLUSION**

Accordingly, we affirm the trial court's summary judgment as to all of appellants' claims against appellees.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

161413F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

LAKEPOINTE PHARMACY #2, LLC, RAYMOND AMAECHI, AND VALERIE AMAECHI, Appellants

No. 05-16-01413-CV  V.

PM FORNEY MOB, LP, PM REALTY GROUP LP, WRAM INVESTMENTS, RICHARD ALLEN, AND RICHARD SPIRES, Appellees

On Appeal from the 422nd Judicial District Court, Kaufman County, Texas, Trial Court Cause No. 96367-422. Opinion delivered by Justice Fillmore, Justices Lang and Schenck participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees PM Forney MOB, LP, PM Realty Group LP, WRAM Investments, Richard Allen, and Richard Spires recover their costs of this appeal from appellants Lakepointe Pharmacy #2, LLC, Raymond Amaechi, and Valerie Amaechi.

Judgment entered this 14th day of August, 2018.