**Affirmed; Opinion Filed September 21, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00412-CV

### IN THE INTEREST OF C.R., A.R., AND C.R., CHILDREN

**On Appeal from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 296-30093-2016**

## MEMORANDUM OPINION
Before Justices Lang-Miers, Evans, and Schenck
Opinion by Justice Evans

This is an appeal from a final order terminating appellant B.H.'s parental rights to C.R.[1]

B.H. generally challenges the legal and factual sufficiency of the evidence supporting the trial

court's termination order. For the reasons that follow, we affirm the trial court's order.

### BACKGROUND

In July 2016, the Texas Department of Family and Protective Services, Collin County Unit,

(Department) filed an original petition for protection and temporary managing conservatorship for

C.R. In the petition, B.H. was alleged to be the father of C.R.[2] B.H.'s last known residence,

however, was listed as unknown. In January 2017, the Department filed its first amended petition

seeking termination of mother's and B.H.'s parental rights to C.R. The trial court appointed an

---

[1] Although there were two additional children involved in this case in the court below, this appeal concerns only C.R., who was four years old at the time of trial in January 2018. The remaining children, A.R. and C.R., were two-year-old twins at the time of trial and there were no allegations or evidence that B.H. was their father.

[2] Mother reported to the Department that B.H. was C.R.'s father.

attorney ad litem to represent B.H.'s interest in the case, and the attorney filed a general denial answer on B.H.'s behalf.

During the pendency of the case, Department caseworker Samantha Kelley received contact information for B.H. from C.R.'s mother. At trial, Kelley indicated that her contacts with B.H. were between April 2017 and June 2017 and consisted of telephone calls, texts, and emails. B.H. told Kelley he believed he was C.R.'s father and that B.H. and Mother dated for about five months around the time C.R. was conceived. B.H. also indicated he had contact with C.R. for about one year after the child's birth and functioned as his father until Mother and C.R. moved to Allen, Texas. B.H. told Kelley that after the move, Mother and C.R. were too far away to maintain contact. Although B.H. indicated to Kelley he lived in Dallas, she was unable to obtain an address from him. Kelley believed she was interacting with B.H. in texts, emails, and on the phone, but admitted that she had no way of verifying that it was actually B.H. with whom she was communicating.

When caseworker Lynn Randall took over the case from Kelley, she was able to communicate with B.H. by texting him using the number Kelley provided and by several phone calls where he identified himself as C.R.'s father. Randall also obtained two physical addresses for B.H. through the attorney general's office. Mail sent to both addresses was returned on her first attempt, and the second time the mail was returned from one of the addresses. The sheriff was unable to serve B.H. at one of the addresses, which was reported to be B.H.'s grandmother's home where he periodically lived. In June 2017, and then again in October 2017, B.H. was served with citation by publication in the Collin County *Commercial Record*. Randall's diligent search inquiry affidavit regarding the Department's efforts to locate and serve B.H. was admitted into

evidence.[3]  Both caseworkers attempted to get B.H. to take a paternity test as ordered by the trial court, but B.H. had various excuses and, despite the caseworkers' offers of assistance, never appeared for the test or any court hearings.  Randall's last communication with B.H. was a phone conversation five days before trial in which B.H. indicated he would be present for trial.  At trial, the Department admitted into evidence a certificate from the Texas Department of State Health Services indicating a diligent search revealed B.H. had not registered with the paternity registry as C.R.'s father.

The Department sought termination of B.H.'s parental rights to C.R. on various grounds including several grounds under section 161.001 as well as termination of B.H.'s rights as an alleged biological father pursuant to section 161.002.  *See* TEX. FAM. CODE ANN. §§ 161.001, 161.002 (West Supp. 2017).  Although B.H. did not appear for trial, he was represented at trial by appointed counsel.  At the conclusion of the bench trial, the trial court determined the Department exercised due diligence in attempting to identify, locate and serve B.H., and B.H. was duly cited to appear by publication.  The trial court ordered the termination of B.H.'s parental rights to C.R.[4] B.H. appeals.

## ANALYSIS

In his sole issue, B.H. challenges the sufficiency of the evidence to support termination of his parental rights to C.R.  B.H. argues the termination grounds under section 161.001(b) apply only to a parent and the termination order did not adjudicate B.H. as C.R.'s father.  He further

---

[3] The affidavit detailed how the Department obtained the phone numbers and two potential addresses for B.H. and the criminal history check it performed on B.H.  It also recounted the various phone calls, texts, and emails the Department exchanged with B.H., along with the Department's attempts to get B.H. to provide a physical address and appear for paternity testing.

[4] Mother's rights to C.R. were also terminated based upon her execution of an affidavit of relinquishment pursuant to section 161.001(b)(1)(k).  *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(K).  She has not appealed the trial court's order of termination.

argues any attempt to adjudicate him as C.R.'s father was improper because the trial court did not have personal jurisdiction over him based on the service of citation by publication.

Before the trial court may order the termination of a parent-child relationship, the petitioner must establish by clear and convincing evidence the existence of at least one statutory ground for termination. *See* TEX. FAM. CODE ANN. § 161.001–.007 (West Supp. 2017). Here, in addition to the trial court's findings of clear and convincing evidence to support termination of B.H.'s parental rights to C.R. under subsections 161.001(b)(1)(A),(B),(C),(D),(E), (F), (N), and (O), the trial court also found clear and convincing evidence to support termination of B.H.'s parental rights as an *alleged* biological father pursuant to section 161.002 of the family code.

Our review of the record reveals the Department sought termination of B.H.'s parental rights to C.R. as an alleged biological father under two subsections of section 161.002(b): section 161.002(b)(1), which authorizes summary termination of rights when, after being served with citation, the alleged father does not respond by timely filing an admission of paternity or by filing a counterclaim for paternity to be adjudicated, and section 161.002(b)(2)(B), which permits an alleged father's rights to be summarily terminated if a child is over one year old when the termination petition is filed, the alleged father has not registered with the paternity registry and, after the exercise of due diligence by petitioner, the alleged father's location is unknown.[5] Although not a model of clarity, the trial court's findings of fact, as well as its order of termination, indicate the trial court's termination of B.H.'s parental rights to C.R. was based in part on sections 161.002(b)(1) and (b)(2)(B).[6]

---

[5] Termination under subsection 161.002(b)(2)(B) does not require personal service of citation or citation by publication on the alleged father and there is no duty to locate an alleged father who has not registered with the paternity registry. *See* TEX. FAM. CODE ANN. § 161.002(c-1) (West Supp. 2017).

[6] The trial court's order of termination contained findings that referenced or were relevant to these sections and were not necessary for termination under other sections.

No judgment may be reversed on appeal unless the error complained of probably caused rendition of an improper judgment. *See* TEX. R. APP. P. 44.1(a)(1). An appellant must therefore challenge all independent bases or grounds that fully support a judgment or appealable order. *See St. John Missionary Baptist Church v. Flakes*, 547 S.W.3d 311, 313–14 (Tex. App.—Dallas 2018, pet. filed) (en banc). When an appellant fails to challenge all possible grounds, we must accept the validity of the unchallenged grounds and affirm the adverse ruling. *See id*.; *see also In re A.H.J.,* No. 05-15-00501-CV, 2015 WL 5866256, at *9 (Tex. App.—Dallas Oct. 8, 2015, pet. denied) (mem. op.) (affirming termination of parental rights on unchallenged grounds without examining sufficiency of the evidence to support challenged grounds); *In re N.L.D*., 412 S.W.3d 810, 818 (Tex. App.—Texarkana 2013, no pet.) (same).

In the case before us, B.H. challenges the sufficiency of the evidence to support termination pursuant to section 161.001 but does not challenge the termination based on the grounds found in section 161.002(b). In light of B.H.'s failure to challenge the trial court's termination under subsections 161.002(b)(1) and (b)(2)(B), either of which fully supports the trial court's termination order, we need not address the unchallenged findings or the grounds raised in B.H.'s brief and affirm the trial court's order. *See In re K.L.M.*, No. 05-16-01098-CV, 2017 WL 836850, at *7 (Tex. App.—Dallas March 3, 2017, no pet.) (mem. op.) (citing *In re A.V.,* 113 S.W.3d 355, 362 (Tex. 2003)).

## CONCLUSION

We affirm the trial court's order terminating B.H.'s parental rights to C.R.

/David Evans/
DAVID EVANS
JUSTICE

Schenck, J., concurring

180412F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF C.R., A.R., AND
C.R., CHILDREN

No. 05-18-00412-CV

On Appeal from the 296th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 296-30093-2016.
Opinion delivered by Justice Evans,
Justices Lang-Miers and Schenck
participating.


     In accordance with this Court's opinion of this date, the trial court's order terminating appellant's parental rights is **AFFIRMED**.


Judgment entered this 21st day of September, 2018.