**AFFIRMED and Opinion Filed July 25, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00123-CV

**RONROYAL OWENS, Appellant**
**V.**
**JERRY ALEXANDER AND BILLY D. WYATT, Appellees**

**On Appeal from the 191st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-07-04346**

# MEMORANDUM OPINION

Before Justices Myers, Molberg, and Carlyle
Opinion by Justice Carlyle

Ronroyal Owens appeals from the district court's order dismissing his petition. He contends the district court erred: (1) by applying res judicata to any of his claims against Billy D. Wyatt; (2) by applying res judicata to all of his claims against Jerry Alexander; (3) by dismissing his claims "with prejudice," despite determining that it lacked jurisdiction; and (4) by delaying its ruling for approximately seven years in violation of his right to due process. We affirm and, because the issues are settled in law, issue this memorandum opinion. *See* TEX. R. APP. P. 47.4.

## I. Background

Owens alleges he is the common-law adopted son of Georgia Elredge McGowan. After McGowan passed away in November 2006, Owens tried to obtain her estate on this basis. In May 2007, he filed a lawsuit against Alexander in the Dallas County district court requesting, among

other things, a declaratory judgment determining: (1) whether Alexander "was the guardian, trustee, administrator or had power of attorney over" McGowan or her estate before her death; (2) whether and to what extent Alexander was the qualified executor of McGowan's estate; and (3) whether Owens qualified as McGowan's next of kin or was otherwise an interested person for purposes of her estate.

The case was dismissed for want of prosecution in August 2008, but was reinstated on the district court's docket a few months later. In March 2010, Alexander filed a motion to dismiss and plea to the jurisdiction, asserting Owens lacked standing to bring claims relating to McGowan's estate. Owens responded and amended his petition to assert additional claims against Alexander, as well as claims against Wyatt. He alleged they defrauded him out of his inheritance by, among other things, forging McGowan's estate documents. Although Owens tried to frame at least a portion of his claims in terms of duties owed to him directly, his claims were all based on the loss of his purported interest in McGowan's estate.

In July 2010, after a hearing on the plea to the jurisdiction, the trial court transferred the case to the Dallas County probate court on its own motion and administratively closed the case on its docket. The probate court, however, rejected the transfer. Citing § 5b of the Texas Probate Code[1] then in effect, the probate court determined the district court lacked authority to transfer the case. As a result, the case was no longer active on either docket as of September 2010.

Nevertheless, Owens filed a separate application to determine heirship in the Dallas County probate court in September 2010, which was given a different docket number. Meanwhile, Alexander initiated probate proceedings in Denton County, where McGowan resided at the time of her death. The Denton County probate court entered McGowan's will and codicils into probate in February 2011 and appointed Alexander as the independent executor of her estate. About six

---

[1] The relevant provision is now at § 34.001 of the Texas Estates Code.

–2–

months later, the Denton County probate court entered a final order approving the estate's inventory, appraisement, and list of claims.

Owens contends he was unaware of the Denton County probate proceedings until May of 2012, resulting in his continued pursuit of the heirship application in the Dallas County probate court. In February 2012, after the court failed to respond to his requests to set a hearing on the application, he filed a petition for a writ of mandamus. Soon after, the Dallas County probate court set a hearing and appointed an ad litem to represent the unknown heirs. At the May 2012 hearing, however, Owens was informed that the will had already been probated in Denton County and thus, the Dallas County probate court lacked jurisdiction over his heirship application.

Owens then filed a motion seeking to transfer both his heirship application (from the Dallas County probate court) and his original petition (from the Dallas County district court) to the Denton County probate court. After neither court ruled on that motion, Owens filed an October 2012 motion to reopen his case in the Dallas County district court. He followed that motion up with a December 2012 request for a ruling, but he took no further action in Dallas County until March 2017. Instead, he filed a bill of review in the Denton County probate court in February 2013, seeking to have the final judgment concerning McGowan's estate set aside. The bill of review was denied in April 2013, and the Second Court of Appeals dismissed Owens's resulting appeal because he never filed a brief. *See In re Estate of McGowan*, No. 02-13-00157-CV, 2013 WL 6046639, at *1 (Tex. App.—Fort Worth Nov. 14, 2013, no pet.) (mem. op.).

Then, in March 2017, Owens sought to revive his Dallas County suit. He sent the district court a letter asking for a status update on his case. After the trial court failed to respond, Owens filed a petition for a writ of mandamus. We conditionally granted the writ in September 2017 and instructed the district court to rule on Owens's motion to reopen the case. *See In re Owens*, No. 05-17-00919-CV, 2017 WL 4230840, at *1–2 (Tex. App.—Dallas Sept. 25, 2017, no pet.) (mem.

op.). The district court granted Owens's motion to reopen, and Alexander again moved to dismiss Owens's petition both on jurisdictional and preclusive grounds.

The district court held a hearing on Alexander's motion in December 2017. At the hearing, Owens argued that, because the district court purportedly had dominant jurisdiction to resolve the issues in his case, he did not think res judicata should apply. He added that he was seeking to assert claims that predated McGowan's death and thus should not have been implicated in the probate proceedings. More specifically, he told the court that Alexander transferred property under a fraudulent power of attorney, before McGowan's death, and if "the property is restored to the estate, now I'm the heir of that estate because we would perhaps also decide that issue as well from the documents that I have."

The district court explained to Owens that it lacked jurisdiction over his claims and that he could not mount a collateral attack on the judgment of the Denton County probate court:

> [I]f there had not been a will or if there had not been a probate then this might have been the proper venue. The thing is, is that there was a will, and I understand that you[] -- may have some issues with contesting the will, that the property that was transferred belonged to Mrs. McGowan, and then you're alleging that Mr. Alexander fraudulently transferred it to someone else, but it was Mrs. McGowan's property upon her life and upon her death, if there was any right or cause of action to that property it belonged to her estate which was adjudicated through the Probate Court. So I do have dominant jurisdiction in some cases and not in some, it depends. But the fact is, is that if you're talking about property that belonged -- belongs or belonged to an estate or should have belonged to an estate, the estate has that right and therefore the Probate Court has that jurisdiction. I simply have no ability to do anything. So if you're alleging that there was a fraud on the estate or fraud on Mrs. McGowan, or that there was some problem with the will, that has to be adjudicated through the Probate Court in Denton County. And I understand that you're saying you weren't properly notified, and I don't know about that, but I will tell you that -- that, again, is an attack on the judgment of Denton County, not on something I can address in this court.

When asked whether he had any questions, Owens replied: "Yes. I was wondering, are we able to do anything with the declaratory judgment in this particular court as to the issues that I raised there?" The district court answered:

I don't believe so, sir, because all of them have to do with property that was not your individual property, it was property that belonged to Mrs. McGowan and/or the estate of Mrs. McGowan and/or dealt with the power of attorney of Mrs. McGowan which, again, those rights fall[] to the estate, so I don't think I can. . . Like I said, it -- because it was probated and all assets, all causes of action, all title, all right, all whatever belonged to the estate, you know, Mrs. McGowan or the estate, I can't go behind the Probate Court. That has to be an attack if such is made in the Probate Court. So based on that, I am dismissing this action for want of jurisdiction.

After the hearing, the district court entered a written order granting the motion to dismiss, stating the "case should be dismissed with prejudice for want of jurisdiction and on the basis that the case is Res judicata." It did not issue findings of fact or conclusions of law, and Owens timely appealed.[2]

## II. Owens failed to challenge all independent bases for dismissal.

In his first two issues, Owens contends the district court erred in dismissing his case because it applied res judicata too broadly. More specifically, he contends: (1) the district court should not have applied res judicata to *any* of his claims against Wyatt, because Wyatt was not a party to the Denton County proceedings; and (2) the district court should not have applied res judicata to *all* of his claims against Alexander, because some of his claims were not (according to Owens) probate matters and thus were not resolved in the Denton County probate proceedings.

---

[2] After the district court issued its order in this case, Owens filed yet another lawsuit against Alexander and Wyatt in the Denton County probate court, attempting to reassert the claims dismissed by the district court. The Denton County probate court dismissed the lawsuit, and Owens appealed. That appeal, however, was later dismissed for want of prosecution. *See Owens v. Alexander*, No. 06-18-00057-CV, 2019 WL 361656, at *2 (Tex. App.—Texarkana Jan. 30, 2019, no pet.) (mem. op.). Alexander asks us to take judicial notice of those proceedings and dismiss Owens's appeal for lack of jurisdiction based on a purported transfer of dominant jurisdiction. We GRANT the motion to the extent it asks us to take judicial notice of the attached records, but we DENY the motion to the extent it asks us to dismiss Owens's appeal for lack of jurisdiction. Although Owens may have waived any arguments based on dominant jurisdiction by pursuing litigation in other courts, the resolution of his most recent lawsuit in Denton County does not deprive this court of its subject-matter jurisdiction. *See Washington v. Taylor*, No. 01-08-00255-CV, 2010 WL 1571201, at *3 (Tex. App.—Houston [1st Dist.] Apr. 8, 2010, no pet.) (mem. op.) ("Without reaching the merits of whether the probate court or district court was the appropriate forum, we note that the concept of dominant jurisdiction is not jurisdictional in the sense of subject-matter jurisdiction."). At most, Owens may be estopped from asserting dominant jurisdiction as a defense to res judicata or collateral estoppel stemming from the Denton County proceedings. *See Hiles v. Arnie & Co., P.C.*, 402 S.W.3d 820, 825 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) ("[A] plaintiff who filed the first suit may be estopped from asserting the dominant jurisdiction of the first court if it is found that he is guilty of inequitable conduct. . . . Courts have found inequitable conduct when the plaintiffs in the first-filed suit affirmatively represented to the court in the second-filed suit that it had jurisdiction or manipulated the courts by sitting in silence while sister courts issued conflicting orders regarding the same subject matter. . . . If the second court has jurisdiction over the subject matter and a party does not file a plea in abatement in the second court at the proper stage, the second court can determine the issues before it and a judgment in the second court may have preclusive effect on the pending proceeding in the other court.").

Owens's arguments on these issues reflect a misunderstanding as to the bases of the district court's rulings. Most fundamentally, Owens fails to distinguish between the district court's conclusion that it lacked jurisdiction over his claims with its conclusion that his claims were barred by res judicata. *See Dolenz v. Vail*, 200 S.W.3d 338, 341 (Tex. App.—Dallas 2006, no pet.) ("[C]ollateral estoppel and res judicata are not jurisdictional issues. Although they may affect the merits of [a] claim, they do not deprive the court of jurisdiction over the suit."). The trial court dismissed Owens's petition on *both* bases: "The Court, after reviewing [its] file with evidence presented, is of the opinion that this case should be dismissed with prejudice for want of jurisdiction *and* on the basis that the case is Res judicata." (emphasis added). Owens collapses the two rulings into each other, contending the trial court dismissed the case for want of jurisdiction on the basis of res judicata:

- "Appellant's first argument questions whether the trial court erred in dismissing his petition for want of jurisdiction based on res judicata. . . ."

- "Appellant's second argument challenges the trial court's decision to dismiss *all* of his claims against Appellee Alexander because they were probate matters that should have been dealt with during McGowan's probate proceedings and were now res judicata. . . . The trial court erred in dismissing those claims it had jurisdiction over because they had nothing to do with McGowan's probate proceedings nor events associated with the probating of McGowan's estate."

Although we review a trial court's ruling on a plea to the jurisdiction de novo,[3] we have explained that if an appellant "fail[s] to challenge all grounds upon which the trial court could have granted [a] motion to dismiss and plea to the jurisdiction, we have no discretion to do anything other than to accept the validity of the unchallenged ground." *St. John Missionary Baptist Church v. Flakes*, 547 S.W.3d 311, 318 (Tex. App.—Dallas 2018, pet. filed) (en banc) (citing *Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970)). It was therefore incumbent upon Owens

---

[3] *See City of Richardson v. Bowman*, 555 S.W.3d 670, 677 (Tex. App.—Dallas 2018, pet. denied).

to challenge and negate each possible ground that could have independently supported the trial court's judgment. *See id.* at 315. Owens failed to do so.

Indeed, Owens's brief on appeal does not present any arguments concerning standing, which was the basis for Alexander's plea to the jurisdiction. Further, Owens does not address the jurisdictional issues the district court identified at the motion-to-dismiss hearing. For example, Owens does not challenge the district court's conclusion that, because his claims seek redress for harm suffered directly by McGowan or her estate, those claims belong to McGowan's estate (even if the harm flowed indirectly to Owens as a potential heir). In other words, any suit pursuing claims to recover property that otherwise would have been part of McGowan's estate must be brought on behalf of the estate and not in Owens's individual capacity. *See Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 850 (Tex. 2005) ("In general, only the estate's personal representative has the capacity to bring a survival claim."). In addition, any claim belonging to the estate would have to be asserted in the court that issued the final judgment resolving all of the estate's claims—the Denton County probate court.

Because Owens did not address (much less negate) all jurisdictional grounds that could have supported dismissal, we are bound by our precedent to accept the validity of the unchallenged grounds and affirm the district court's judgment on the basis that it lacked jurisdiction. *See St. John Missionary Baptist Church*, 547 S.W.3d at 318.[4] We overrule Owens's first two issues.

### III. Owens did not preserve his remaining challenges.

In his third and fourth issues, Owens contends the district court erred both by dismissing his claims "with prejudice" and by waiting more than seven years to issue its ruling. But neither of those issues was preserved through a timely objection in the district court. *See* TEX. R. APP. P.

---

[4] Because we affirm the dismissal on these grounds, we need not address whether Owens adequately challenged all independent grounds for applying res judicata or whether he preserved the arguments he raises on appeal concerning res judicata.

33.1; *Bridwell v. Mulder*, 315 S.W.3d 657, 659 (Tex. App.—Dallas 2010, no pet.) ("[E]rror in dismissing a case with prejudice must be presented to the trial court and cannot be raised for the first time on appeal."); *Ricks v. Ricks*, 169 S.W.3d 523, 528 (Tex. App.—Dallas 2005, no pet.) (concluding that errors were not preserved because they were not first raised in the trial court through a specific objection). We overrule Owens's third and fourth issues.

### IV. Conclusion

We affirm.

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

180123F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RONROYAL OWENS, Appellant

No. 05-18-00123-CV          V.

JERRY ALEXANDER AND BILLY D. WYATT, Appellees

On Appeal from the 191st Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-07-04346.
Opinion delivered by Justice Carlyle.
Justices Myers and Molberg participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 25th day of July, 2019.